This military pay case comes before the court on cross-motions for summary judgment. Plaintiff was a captain on active duty in the United States Air Force Reserve when he was involuntarily released from active duty in 1972 because he had been passed over twice for promotion to the temporary rank of major. Following his separation, plaintiff enlisted in the Regular Air Force as a sergeant, and served in that grade until he retired in 1976. Plaintiff challenges his release from the Air Force Reserve, and seeks the difference in pay between a sergeant and a captain for the period 1972 to 1976. We hold for the defendant.
Plaintiff was first nonselected for promotion by the selection board in December of 1970 (1970 selection board). Plaintiffs record before that board contained two officer effectiveness reports ("OERs”) which plaintiff contends were defective. The OER for the period May 1969 through April 1970 ("1969-1970 OER”) carried an overall evaluation of 8 (exceptionally fine) and a promotion recommendation of 2 (promote along with contemporaries). The OER for the immediately preceding period, May 1968 through May 1969 ("1968-1969 OER”), carried an overall evaluation of 8, and a promotion recommendation by the rating officer of 4 (promote well ahead of contemporaries) reduced by the indorsing officer to a 3 (promote ahead of contemporaries). These OERs were also in plaintiffs record when he was *856 nonselected for promotion by the second selection board in November of 1971.[1]
The OERs in plaintiffs record before the promotion boards that passed him over were as follows:

Plaintiff petitioned the Officer Personnel Records Review Board for correction of those two OERs, but he was denied relief. In November 1973, plaintiff filed an application with the Air Force Board for Correction of Military Records (Correction Board) requesting, that it void the two OERs, remove the two passovers from his record, and restore him to active duty commissioned status. The Correction Board recommended that the 1969-1970 OER be voided since it was not rendered in compliance with the governing directive. The Correction Board recommended against the voiding of the 1968-1969 OER, removal of the two passovers, or restoration to active duty commissioned status. In declining to eliminate the passovers, it stated that "[i]t is inconceivable that one OER with an over-all evaluation of '8-2’ could have prejudiced [plaintiffs] chance of selection to the extent warranting further relief.”
*857 Plaintiff asserts that the Correction Board was arbitrary and capricious in failing to void the 1968-1969 OER in the face of clear and convincing evidence of error and injustice, and in failing to remove the passovers from his record after it found legal error in the 1969-1970 OER. We conclude, however, that the presence of the two challenged OERs in plaintiffs record before the selection boards did not prejudice his chances of promotion and that any error resulting from the boards’ consideration of those OERs was harmless.
With respect to the 1968-69 OER, its alleged illegality resides in the efforts of rating officers to impugn their own ratings, on learning of the effect they had had. In Tanaka v. United States, 210 Ct. Cl. 712 (1976), cert. denied, 430 U.S. 955 (1977), we indicated our belief that in giving little weight to this kind of evidence, the military were not abusing their discretion.
In Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804 (1979), we said that an officer was entitled to be considered for promotion "on the basis of a record which portrayed his service on a 'fair and equitable basis.’ ” Id. at 302, 594 F.2d at 814. See also Yee v. United States, 206 Ct. Cl. 388, 512 F.2d 1383 (1975); Weiss v. United States, 187 Ct. Cl. 1, 408 F.2d 416 (1969).
We further indicated that passovers would not be invalidated "when the error or injustice was truly harmless, that is, when substantial evidence shows that it was unlikely that the officer would have been promoted in any event.” Sanders at 310, 594 F. 2d at 818.
In Sanders, the Correction Board found that the presence of the challenged OERs in plaintiffs record before the selection board had been prejudicial, Sanders at 308, 594 F. 2d at 817, but refused to remove the subsequent passovers because it believed the error was harmless. In reversing, we concluded that the Correction Board had applied an improper legal standard for harmless error (the "but for” test), and that under the circumstances of that case, the prejudicial error found by the Correction Board was not harmless. Sanders at 309, 594 F. 2d at 818.
In this case, however, the Correction Board concluded that the error it found in plaintiffs record before the selection board was not prejudicial. We agree.
*858 The 1968-1969 OER which plaintiff challenges was the highest in his record before the 1970 selection board. The overall evaluation in the 1969-1970 OER was as high as any plaintiff had previously received. While the promotion recommendation in this second OER was slightly below the average promotion recommendation score in plaintiffs record, his overall average (including the average of overall evaluation scores and the average of promotion recommendation scores) would have been lower if the challenged OERs were excluded from his record than it is when they are included. Thus, the elimination of the two challenged OERs would have made plaintiffs record weaker rather than stronger, and therefore would have reduced rather than enhanced his chances for promotion. This accordingly is a case where "substantial evidence shows that it was unlikely that the officer would have been promoted in any event.” Sanders at 310, 594 F. 2d at 818. The Correction Board was not arbitrary or capricious in refusing plaintiff relief.
Accordingly, it is ordered, based on the submissions of the parties, but without oral argument, that plaintiffs motion for summary judgment is denied, and defendant’s cross-motion for summary judgment is granted. The petition is dismissed.

 Plaintiffs record before the second selection board contained an additional OER carrying an overall evaluation of 9 (outstanding) and a promotion recommendation of 3.