Military pay; correction of military records; passovers for-promotion; arbitrary and capricious action; administrative discretion. — On June 11,1976 the court entered the following-order.: ........
Stephen G. Anderson, with, whom was Assistant Attorney ■General Bex E. Zee, for defendant.
Before Daws, Judge, Presiding, Nichols and KttNzig, . Judges.
“In this military pay case, before us on defendant’s motion for summary judgment, the controlling issue is whether the , Board for Correction of Military Records (BCMR) was arbitrary and capricious in not correcting the record of the plaintiff. He was an Air Force Captain who was twice passed over for promotion by Selection Boards and was thereafter removed from active service under 10 U.S.C. Sec. 8303. Plaintiff says that three OER’s should have been removed from liis file as they were erroneous and unfair, whereupon the pass-overs should have been voided. He submitted two mitigating letters asserting that in retrospect the writers, who had been rating officers, had rated plaintiff too low. They did not, however, point out any misstatements of fact in their original OER’s only opinions they no longer entertained. The OER’s were not harshly critical, but just rated plaintiff lower on some factors than he needed for selection at the time the Selection Boards met. An Officer Personnel Review Board had refused to add these letters to plaintiff’s file or remove' the challenged OER’s. The BCMR, thrice applied to, found no evidence of error or injustice in the case. . .
“The reasons are obvious and need not be stated, that might, cause a careful finder of fact to attach more weight to an original OER than to a subsequent attempt by its writer 'to modify it as to matters of opinion .only. It' is not for us' to' substitute our judgment' for that of the military,-in óvalu-, ating this kind of evidence. ' ■. ■ ' '
. “Ratings and promotions are discretionary, matters. We; must not interfere with these internal affairs of the military; unless there is a showing of clear error, abuse of discretion,. or arbitrary and capricious action., Boyd v. United States, 207 Ct. Cl. 1, cert. denied, 424 U.S. 911 (1975); Dorl v. United States, 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (1973). By this standard, the matters the plaintiff complains-about fail to tender a triable issue of fact. ,
*714 “Defendant’s motion also asserts laches, but the above conclusions make it unnecessary to address that issue.
“Accordingly, on defendant’s motion, and on consideration of the record and briefs of counsel, but without oral argument, it is ordered, that the defendant’s motion for summary judgment is granted and the petition is dismissed.”
Plaintiff’s motion for reconsideration en banc and a trial on the merits was denied October 1, 1976. Plaintiff’s petition for certiorari was denied April 4,1977.