Ronald N. GUY

v.

The UNITED STATES.

No. 14–75.

United States Court of Claims.

Oct. 17, 1979.

Neil B. Kabatchnick, Washington, D.C., attorney of record, for plaintiff. Richard L. Swick, Washington, D.C., of counsel.

Donnie Hoover, Washington, D.C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D.C., for defendant.

Before NICHOLS, KUNZIG and BENNETT, Judges.

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

BENNETT, Judge:

This military pay case comes before the court on the parties' motions for summary judgment. Plaintiff, Ronald N. Guy, was formerly a temporary major in the Regular United States Air Force when he was relieved of active duty as a result of having been twice passed over for promotion to the permanent rank of major. He resigned in lieu of discharge on April 29, 1973, for the purpose of enlisting in the Regular Air Force as a sergeant. Plaintiff alleges that his records before the two selection board were inaccurate and incomplete, and that this was legal error vitiating his two nonselections for promotion and his separation from active duty commissioned status. Plaintiff claims entitlement to back pay and allowances of a major, correction of his records, and reinstatement to the tempo-

rary rank of major or, in the alternative, promotion to the permanent rank of major. Though we do not accept all of plaintiff's allegations, we conclude that plaintiff is entitled to some relief.

Plaintiff served on active duty as a pilot from 1958 to 1973. He was promoted to the temporary grade of major on November 1, 1968. In May of 1969, he was transferred from a tour of duty in Southeast Asia to Griffiss Air Force Base, New York, where he was assigned to a flight testing division. While at Griffiss, plaintiff received several officer effectiveness reports (OERs), two of which are the source of controversy in this case.[1]

Plaintiff claims that the OER covering the period August 14, 1968-May 15, 1969, which rated plaintiff at 8–3, was missing from his records when he was considered by the selection boards. Two following OERs (the May 16, 1970-October 15, 1970, OER in which the rater gave plaintiff a rating of 7–2 and which was concurred in by the indorser but was not concurred in by Col. R. C. Mathis, a superior in the chain of command who raised the rating to an 8–2, and the October 16, 1970-August 1, 1971, OER which bore the rating of 7–3) did not, plaintiff alleges, fairly represent his perform-

1. The following is a list of OER ratings received by plaintiff between August 1966 and July 1972:

| Period | Overall Evaluation | Rating |
|---|---|---|
| 15 Aug 1966 to 8 May 1967 | Exceptionally Fine | 8–3 |
| 9 May 1967 to 26 Nov 1967 | Exceptionally Fine | 8–3 |
| 27 Nov 1967 to 16 May 1968 | Outstanding | 9–4 |
| 17 May 1968 to 13 Aug 1968 | Training Report | |
| *14 Aug 1968 to 15 May 1969 | Exceptionally Fine | 8–3 |
| 16 May 1969 to 15 May 1970 | Exceptionally Fine | 8–3 |
| **16 May 1970 to 15 Oct 1970 [Not concurred in by Col. R. C. Mathis— raised to | Very Fine (TB) (Exceptionally Fine)] | 7–2 [8–2] |
| **16 Oct 1970 to 1 Aug 1971 | Very Fine (TB) | 7–3 |
| 2 Aug 1971 to 10 Jul 1972 | Outstanding | 9–4 |

* This is the OER plaintiff claims was missing from his records before the two selection boards.

** Plaintiff seeks the excision from his records of these two OERs.

Note: TB—Top Block.

ance on account of the bias of the raters and indorsers and should have been voided.

Plaintiff was passed over for promotion to the permanent rank of major by the fiscal year 1972 selection board which was convened on August 16, 1971 [1972 selection board]. Plaintiff's record before that board contained the two contested OERs and allegedly did not contain the missing OER. On July 7, 1972, plaintiff applied to the Officer Personnel Records Review Board (OPRRB) of the Air Force Military Personnel Center to void the contested OERs. While his application was pending, plaintiff was passed over a second time for promotion to the permanent rank of major by the fiscal year 1973 selection board which was convened on August 7, 1972 [1973 selection board]. Similarly, this board had before it the two contested OERs but allegedly did not have before it the missing OER. On August 9, 1972, Air Force Systems Command recommended to the OPRRB that plaintiff's first contested OER be voided. On October 5, 1972, the OPRRB refused to void either OER.

On November 13, 1972, plaintiff filed an application with the Air Force Board for the Correction of Military Records (Correction Board) seeking the excision from his records of the two contested OERs and the two passovers resulting from the presence of these OERs and the absence of the missing OER. Under the direction of the Correction Board, the OPRRB reconsidered its decision as to the contested OERs, which decision was affirmed. By letter dated May 13, 1974, the Correction Board denied all relief on the basis that the evidence did not support a finding of probable error or injustice.

## I

Plaintiff seeks an order from this court directing the Secretary of the Air Force to void the two OERs covering the periods of May 16, 1970-October 15, 1970, and October 16, 1970-August 1, 1971, on the grounds that the OERs were unfair, inaccurate, and the product of personal animosity. These OERs, plaintiff argues, should not have been in his records before the two selection boards, and, hence, their actions were unlawful and plaintiff has not been properly relieved of active duty status.

Plaintiff's allegations present a claim within the jurisdiction of this court. "Regulations prescribe that OERs are to be objective and prepared in a certain way." *Sanders v. United States,* 594 F.2d 804, 814, 219 Ct.Cl. ——, —— (1979). *See also* Air Force Regulation (AFR) 36–10 (Sept. 15, 1974). If OERs are not prepared in the manner required by law, they are not properly included in an officer's records before selection boards. *See Skinner v. United States,* 594 F.2d 824, 219 Ct.Cl. —— (1979). Where an officer's records before a selection board were prejudicially defective so that the officer was not considered for promotion in a fair and equitable manner and the error was not harmless, this court can and will grant relief. *See, e. g., Sanders v. United States, supra; Skinner v. United States, supra.*

In this case, however, plaintiff must first show that the Correction Board's, or the OPRRB's, decision in failing to void the two contested OERs was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. An officer's challenge to an OER based on the grounds that it was not objective and did not accurately portray his performance during the rating period "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Sanders v. United States, supra,* 594 F.2d at 813, 219 Ct.Cl. at ——; *Savio v. United States,* 213 Ct.Cl. 737 (1977); *Boyd v. United States,* 207 Ct.Cl. 1 (1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976). This presumption, of course, includes those officers who are charged with rating the performance of other officers.

Further, though the general intent of AFR 36–10 is to ensure by every means possible that OERs be objective, perfect objectivity in the rating process cannot be

expected or even hoped for. The process of evaluating officers by other officers is an inherently subjective process which neither the military boards nor this court will interfere with unless there is clear and convincing evidence of factors adversely affecting the ratings which had *no business being in the rating process*. *Savio v. United States, supra; Tanaka v. United States,* 538 F.2d 348, 210 Ct.Cl. 712 (1976), *cert. denied,* 430 U.S. 955, 97 S.Ct. 1599, 51 L.Ed.2d 804 (1977).

Though the bias and personal animosity of rating officers are such factors, plaintiff has not demonstrated that the Correction Board and the OPRRB's decision, which refused to void the OERs, was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. The first contested OER, covering the period May 16, 1970-October 15, 1970, was prepared by Maj. Kenneth H. High and indorsed by Maj. Richard K. Derridinger. The principal evidence relied on by plaintiff to show that the rating was not objective was (1) the fact that Col. Robert C. Mathis added an additional indorsement to the OER expressing his disagreement with part of the rating and raising it from a 7–2 to an 8–2, (2) an affidavit by Lt. Col. Gerald I. Reponen, Major High, Major Derridinger, and plaintiff's commanding officer, (3) a certificate of aircrew performance, and (4) the unaccepted recommendation by the Air Force Systems Command to void the OER.

The evidence does not demonstrate that the OER was clearly inaccurate or the product of personal animosity or bias. Col. R. C. Mathis did add his indorsement changing plaintiff's evaluation as to three categories of evaluation and the overall numerical evaluation from a 7–2 to an 8–2. Colonel Mathis did not mention as reasons for these changes any specific problem in the rater's or immediate indorser's judgment and it can only be presumed that the change was due to a judgment call. This disagreement was part of plaintiff's OER and, thus, part of his record before the selection boards.

Lieutenant Colonel Reponen did attest, on the basis of daily contact with both plaintiff and the rater and indorser, that not only had plaintiff's performance not digressed but had actually improved from the period of his immediately preceding OER which bore the rating of 8–3. Further, Lieutenant Colonel Reponen attested that Major Derridinger, the indorser, was biased against plaintiff. Lieutenant Colonel Reponen did not, however, impute bias to Major High, the rater, who, on the contrary, was in Lieutenant Colonel Reponen's judgment "an officer of high integrity and moral character." Lieutenant Colonel Reponen's explanation of the fact that Major High *had* submitted the OER was that he believed that a different OER had been substituted for the correct one. Little credence can be given to such unsupported conjecture.

During the period covered by the OER, plaintiff received a certificate of aircrew qualification dated September 29, 1970. Plaintiff received an evaluation of satisfactory, which is in no way inconsistent with his OER rating. Last, the Air Force Systems Command recommended to the OPRRB the voiding of this OER. Presumably, it had the same evidence as this court has before it. Without expressing any opinion as to the wisdom of the recommendation, on the facts that are here, we do not believe that it was arbitrary, capricious, unsupported by substantial evidence, or contrary to law for either the OPRRB or the Correction Board to have rejected the recommendation.

As to the second contested OER, dated October 16, 1970-August 1, 1971, the only evidence submitted by plaintiff was Lieutenant Colonel Reponen's statement. While the statement did show that the rater, Major Charles T. Bates, and the indorser, Major Derridinger, were biased against plaintiff, Lieutenant Colonel Reponen's observation was of limited duration due to his transfer during the rating period. The OPRRB found that Lieutenant Colonel Reponen was not in a position to evaluate the accuracy of the rating, and refused to void the OER. On the basis of the record before us, we cannot say that the board's conclu-

sion was arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

## II

Plaintiff also claims that the August 14, 1968-May 15, 1969, OER was not in his records before either selection board. The absence of this OER, plaintiff argues, rendered his records incomplete and inaccurate, and, thus, he was not fairly considered for promotion.

The Correction Board did not make a factual finding as to whether this OER was in fact missing from plaintiff's records before the selection boards. Plaintiff discovered that the OER was missing from his records in the fall of 1972. In response to an inquiry, the Records Maintenance Branch made the following statement:

1. The AFHQ Form 43 in question was initialed on 21 November 1972 when an OER for the period of 14 Aug 68–15 May 69 was discovered to be missing from Major Guy's record by the file clerk.

\*      \*      \*      \*      \*      \*

4. A determination cannot be made if the above mentioned OER had ever been received for file. *It is a fact that it was not in file* during the Microfilming of records *during the summer of 1972* when Major Guy's alfa record group was filmed. [Emphasis added.]

There is no evidence showing that the OER was ever in plaintiff's records. It was definitely not in his records in the summer of 1972. The 1972 and 1973 selection boards which considered plaintiff for promotion convened on August 16, 1971, and August 7, 1972, respectively. The only reasonable inference that can be drawn is that the OER was missing from his records before both selection boards.

■ The missing OER had given plaintiff a numerical rating of 8–3, "outstanding, almost never equalled," "demonstrates capability for increased responsibility; consider for advancement ahead of contemporaries." It covered a period of active com-

bat duty in Southeast Asia. It was the first OER received covering plaintiff's performance after he had been promoted to the temporary rank of major. It was one of four OERs covering his performance as a major before the 1972 selection board and one of five OERs before the 1973 selection board. The rating given was above his average. Under these circumstances, we conclude plaintiff's competitive position was adversely affected by the absence of this favorable rating and was prejudicial to his chances for promotion to the permanent rank of major before the 1972 and 1973 selection boards. The absence of this OER, which should have been in plaintiff's records before the selection boards, caused his records to be incomplete and was legal error in that the selection boards did not consider plaintiff for promotion "on the basis of a record which portrayed his service career on 'a fair and equitable basis' as the statutes require. 10 U.S.C. §§ 3442(c), 8442(c)." *Riley v. United States,* Ct.Cl., 608 F.2d 441 (1979), *quoting Sanders v. United States, supra,* 594 F.2d at 814, 219 Ct.Cl. at ——. *See also Yee v. United States,* 512 F.2d 1383, 206 Ct.Cl. 388 (1975); *Weiss v. United States,* 408 F.2d 416, 187 Ct.Cl. 1 (1969).

■ Not all errors, however, warrant judicial relief. A correction board's conclusion that an officer is not entitled to the excision of his passover for promotion because there was no nexus between the error and the passover will be sustained unless it is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Thus, this court will not excise the passovers if the error is shown to be truly harmless, that is, on the facts of this case, that even if the missing OER had been in plaintiff's records before the selection boards "substantial evidence shows that it was unlikely that the officer would have been promoted in any event." *Riley v. United States, supra,* at 444, *quoting Sanders v. United States, supra,* 594 F.2d at 818, 219 Ct.Cl. at ——. Defendant contends that this test has been

met and that the error was harmless in this case.

Though the Correction Board did not specifically cite harmless error as the basis of its decision on the missing OER to deny relief, but simply stated that the administrative record failed to show probable error or injustice, it is fairly obvious from the fact that the Air Force did not specifically contend the OER was in fact in his records, and from other evidence before the Correction Board, that this must have been the basis of its decision. The Correction Board had before it data on plaintiff's actual relative position before the 1972 and 1973 selection boards together with the opinion issued for the Chief of Staff on plaintiff's chances of promotion. The data showed the following:

### Regular Major Boards
#### 16 Aug 71

| Pertinent Scores | Total | Selected | Not Selected |
|---|---|---|---|
| 37 | 1 | 1 | – |
| 36.5 (cutoff) | 1 | 1 | – |
| 36.0 | 6 | – | 6 |
| 35.5 | 5 | – | 5 |
| 35.0 | 5 | – | 5 |
| 34.5 (note 1) | 36 | – | 36 |
| Other Scores | 898 | 879 | 19 |
| Total | 952 | 881 | 71 |
| Percent | 100% | 93% | 7% |

Notes:  1.  Applicant's score was 34.5 with panel scoring as follows:  7.0, 7.0, 7.0, 7.0, 6.5.

2.  Applicant's estimated selection prospects if contested OERs had been voided: Probably promoted (75–90%).

#### 7 Aug 72

| Pertinent Scores | Total | Selected | Not Selected |
|---|---|---|---|
| 42.0 | 27 | 27 | – |
| 41.5 (cutoff) | 19 | 14 | 5 |
| 41.0 (cutoff) | 17 | 11 | 6 |
| 40.5 (note 1) | 9 | – | 9 |
| Other Scores | 787 | 747 | 40 |
| Total | 859 | 799 | 60 |
| Percent | 100% | 93% | 7% |

Notes:  1.  Applicant's score was 40.5 with panel scoring as follows:  8.5, 8.5, 8.0, 8.0, 7.5.

2.  Applicant's estimated selection prospects if contested OERs had been voided: Probably promoted (75–90%).

---

The Chief of Staff's conclusion and recommendation to the Correction Board were as follows:

A determination cannot be made whether the OER rendered on Mr. Guy for the period closing 15 May 1969 was in his selection folder at the time of his considerations (see Atch 2). Whether it was or not, however, he could not have been promoted, in our judgment, as long as the contested OERs were a part of his record. If those reports are not voided, we recommend that no action be taken on his promotion deferrals.

The Chief of Staff's conclusion, if supported, that plaintiff could not have been promoted because of the presence in his

records of the two contested OERs, satisfies the court's standard for evaluating harmless error. If anything, a conclusion that an officer could not have been promoted is stronger than the conclusion that it is unlikely an officer would have been promoted in any event. Though neither this court nor the Correction Board is aware of the basis of the Chief of Staff's opinion other than the evidence of plaintiff's relative position before the selection boards, we believe that it can be given some weight as expert opinion evidence before the Correction Board if supported by other evidence.

This is a close case, but we conclude, on the basis of what is before the court, that as to the 1972 selection board the missing OER was harmless error. Without the OER in his records, plaintiff was 2.0 points below the cutoff point and had 16 officers not promoted ranking higher than he at various levels. The inclusion of the missing OER (8–3) does not appear to improve his record sufficiently in the face of the two contested OERs (7–2/8–2, 7–3) that were the most recent evaluations before the 1972 board. The evidence, though meager, is sufficient for a reasonable man to conclude that it was unlikely plaintiff would have been promoted even if the missing OER had been in his records.

As to the 1973 selection board, the evidence does not support the conclusion that the error was harmless. Plaintiff's rank by that board without the missing OER was .5 (one-half) of a point below the cutoff. Eleven of the 17 officers placed in the immediately higher category were selected for promotion. Any improvement in his record (and definite improvement would have resulted from the inclusion of the missing OER) might very well have put him in the group at the cutoff point and resulted in his promotion. Further, at the time of his consideration by the 1973 board, his records contained his most recent OER which was a 9–4, "absolutely superior," "outstanding growth potential based on demonstrated performance; promote well ahead of contemporaries," the highest OER that can be given which would have mitigated somewhat the impact of the two contested

OERs. We reject the advisory opinion of the Chief of Staff, finding that the evidence simply does not demonstrate that plaintiff was not harmed by the absence of the missing OER. Therefore, plaintiff's passover by the 1973 board was unlawful.

### III

Plaintiff seeks, in the alternative, either promotion to the permanent rank of major retroactive to the decision of the selection board or reinstatement to the temporary rank of major retroactive to the date of his separation from active duty. Though we hold that plaintiff is entitled to restoration to active duty in the temporary rank of major, we conclude that this court has no power to promote plaintiff in this case.

■ Normally, courts do not have the authority to promote Government employees. *See United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In certain exceptional cases, this court can award promotion and back pay above the position an employee actually holds or held but only if there is a clear, legal entitlement to it. *See Selman v. United States,* 498 F.2d 1354, 1358, 204 Ct.Cl. 675, 684 (1974); *cf. Doggett v. United States,* 207 Ct.Cl. 478, 482 (1975).

■ Promotion in this case depends on the favorable recommendation of a selection board approved by the Secretary of the Air Force. While many statutes and regulations govern selection board procedure, and this court can and will review selection board actions to determine whether such procedure has been complied with, this only confers on an officer the legal right to be fairly considered for promotion but does not confer any legal right or entitlement to promotion. Promotion under the selection board system results from the exercise of discretionary functions reserved for the Executive branch of our Government. Plaintiff has no legal right and, therefore, this court has no power to review these boards to determine whether they have abused their discretion in failing to promote a particular officer. *See, e. g., Cooper v. United*

*States,* 203 Ct.Cl. 300 (1973); *Brenner v. United States,* 202 Ct.Cl. 678 (1973), *cert. denied,* 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974). While the correction boards of the various branches of the Armed Forces have promoted officers in similar situations, the Correction Board, as part of the Executive, is merely exercising authorized discretion. This court cannot review such a Correction Board's decision either, for no judicially vindicable right is presented. Therefore, we deny plaintiff's claim for promotion to the permanent rank of major.

### CONCLUSION

In summary, we hold that plaintiff has failed to show that the Correction Board's decision denying the excision of the May 16, 1970-October 15, 1970, and October 16, 1970-August 1, 1971, OERs was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. We hold that the August 14, 1968-May 15, 1969, OER was missing from his records before both selection boards and this was legal error, but as to the 1972 selection board convened on August 16, 1971, the error was harmless. As to the 1973 selection board, this prejudicial error has not been shown to have been harmless, and plaintiff's passover was illegal. The Correction Board's failure to remove the passover by the 1973 selection board and to grant relief was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. The Air Force's authority to relieve plaintiff from active duty under the two-passover rule was improperly exercised, and plaintiff is entitled to back pay calculated in accordance with law. We deny plaintiff's claim for promotion to the permanent rank of major. We order that plaintiff be reinstated to the temporary rank of major from the date of his discharge on April 29, 1973, that the Secretary remove from plaintiff's records the passover for promotion to the permanent rank of major by the 1973 board, and that an appropriate nonprejudicial explanation be put in plaintiff's records dealing with the gaps therein due to the nonselection and covering the period of plaintiff's reconstituted service from the time of his discharge to his reinstatement. It is ordered that upon his corrected record plaintiff be given, if he wishes, restoration to active duty commissioned status.

Plaintiff's motion for summary judgment is granted in part and denied in part in conformity with this opinion. Defendant's motion is similarly granted in part and denied in part. Judgment is entered for plaintiff with the amount thereof to be determined pursuant to Rule 131(c). The Secretary of the Air Force is directed to implement the other relief set forth above and made a part of this judgment.