John F. KREIS, Plaintiff,

v.

SECRETARY OF the AIR FORCE, Defendant.

C.A. No. 85–1169.

United States District Court,
District of Columbia.

Nov. 19, 1986.

Daniel Schember, Washington, D.C., for plaintiff.

Linda A. Halpern, Asst. U.S. Atty., Washington, D.C., James M. Kinsella, HQ USAF/JACL, Pentagon, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

REVERCOMB, District Judge.

This matter is before the Court upon consideration of the defendant's motion to

---

dismiss and the plaintiff's opposition thereto. Oral argument was held October 22, 1986.

Plaintiff is an officer on active duty in the United States Air Force holding the rank of major. He was trained in and has experience in the security police field.

In April 1979, based on findings of an Air Force Inspector General investigation, plaintiff was relieved of his assignment to Headquarters Pacific Air Force (PACAF) Security Police. Additionally, plaintiff was given a written reprimand and received an Officer Effectiveness Report (OER) which was down-graded to reflect a low evaluation of potential and which contained negative comments. The reprimand was placed in an official Unfavorable Information File (IUF).

In early May, 1979 plaintiff received a change in assignment to a squadron operations position with less responsibility. This was identical to a position held by plaintiff years earlier when he was a captain. Also in May, 1979 plaintiff met with his commanding officer to discuss the written reprimand. At the conclusion of that meeting the commanding officer agreed to terminate the UIF. In July, 1980, a Correction Board panel, after reviewing previously unavailable testimony, unanimously determined that the "evidence ... presented creates sufficient doubt in our minds that the contested report is an accurate reflection of [plaintiff's] duty performance." Consequently the Board recommended the entire report be voided and the Assistant Secretary of the Air Force accepted the recommendation and ordered the report removed from the plaintiff's record. Inserted in its place was AF Form 77 dated July 17, 1980 stating the OER had been removed by the Secretary of the Air Force.

On July 21, 1980 a selection board convened and considered plaintiff for promotion to lieutenant colonel. Plaintiff was not selected. Plaintiff contended, that since there were only four days (two of which were weekend days) between the removal of the negative OER and the convening of the selection board, it was unlikely that the selection board had received the correction in time.

In May, 1981, plaintiff submitted an application to the Correction Board maintaining that the void created by his removed OER and the negative effects of A.F. Form 77 combined with his erroneous punitive 1979 assignment had prejudiced his opportunity for promotion. In October, 1981, the Correction Board denied plaintiff's application. Subsequently, plaintiff twice sought reconsideration of the Board's decision, during which time he was twice passed over for promotion. On January 10, 1986, the Board decided plaintiff's second request for reconsideration. The Board held the rater's portion of the 1979 OER, with the indorser's portion left blank, should be reinstated in plaintiff's record and the record so changed should be referred for promotion consideration by special selection boards for 1980, 1981, 1982, 1983, 1984, and 1985. Those special selection boards met in July, 1986 and each and all of them denied plaintiff promotion to lieutenant colonel. This action was filed in April, 1985 after denial of plaintiff's first request for reconsideration.

Defendant contends in its motion to dismiss that this Court lacks jurisdiction to determine liability or grant relief in this matter arguing that military promotions are nonjusticiable. Plaintiff argues, in his opposition, that while he recongizes the general rule that courts should defer to the military on matters typically committed to military discretion, he is only asking the Court to determine whether his record before the selection boards was complete and not misleading as to his qualifications for promotions and whether the selection boards considered him for promotion on a "fair and equitable basis."

In *Gilligan v. Morgan*, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973) the Supreme Court addressed the issue of the reviewability of military decisions. In *Gilligan*, the plaintiffs, students at Kent State University requested that a federal district court monitor and regulate the future conduct of the National Guard to prevent a

recurrence of the shootings there, when it was alleged The National Guard used unnecessary deadly force to quell student disorder. In refusing to consider the merits of the case the Court reasoned that continuing judicial supervision of military actions violated the separation-of-powers principle of the Constitution.

Chief Justice Burger wrote:

[I]t is difficult to conceive of an area of governmental activities in which the Courts have less competence. The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject always to civilian control by the Legislative Executive Branches. The ultimate responsibility for these decisions is appropriately vested in branches of the government which are periodically subject to electoral accountability. It is this power of oversight and control of military force by elected representatives and officials which underlies our entire constitutional system. . . .

413 U.S. at 10–11, 93 S.Ct. at 2445–46.

*Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971) unlike *Gilligan* yet like the instant case concerned reviewability of military personnel decisions. In *Mindes,* the gravamen of the plaintiff's complaint was predicated on separation from active military duty (as opposed to failure to promote) based on a factually erroneous officer effectiveness report.

Though *Mindes* emanates from the Fifth Circuit it has been cited with approval by the Courts in this Circuit. *Dilley v. Alexander* 603 F.2d 914, 920 (D.C.Cir.1979),[1]

*Owens v. Brown* 455 F.Supp. 291, 300 (D.D.C.1978).

In *Mindes,* the Fifth Circuit held that judicial deference to the military was not an absolute but was qualified. The Circuit Court held that "a court should not review internal military affairs in the absence of (a) an allegation of a deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations and (b) exhaustion of available intraservice corrective measures." 453 F.2d at 201.

In this case plaintiff has alleged, though in his opposition to the defendant's motion to dismiss and not in his complaint, that the military has acted in violation of applicable statutes.[2] There is no dispute that plaintiff exhausted the available intraservice corrective measures.

However, the *Mindes* court noted that even when confronted with a showing of exhaustion of intraservice remedies and an allegation that the military has violated a statute, "not all such allegations are reviewable." *Id.*

The Court elaborated that:

[a] district court faced with a sufficient allegation must examine the substance of that allegation in light of the policy reasons behind nonreview of military matters. In making that examination, such of the following factors as are present must be weighed (although not necessarily in the order listed).

1. The nature and strength of the plaintiff's challenge to the military determination . . . An obviously tenuous claim of any sort must be weighted in favor of declining review (citation omitted).

---

**1.** Here, the D.C. Circuit noted that the deference owed by courts to the military is at its highest when the military pursuant to its own regulations, effects personnel changes through the promotion or discharge process. *See also Pauls v. Secretary of the Air Force,* 457 F.2d 294, 297 (1st Cir.1972); *Bluth v. Laird,* 435 F.2d 1065, 1070–71 (4th Cir.1970); *Muldonian v. United States,* 432 F.2d 443, 447 (Ct.Cl.1970); *Payson v. Franke,* 282 F.2d 851, 854 (D.C.Cir.1960) *cert denied* 365 U.S. 815, 81 S.Ct. 696, 5 L.Ed.2d 694 (1961).

**2.** In his opposition to the defendant's motion to dismiss plaintiff alleges that the Air Force has violated: 10 U.S.C. Sec. 615(3) (concerning information to be furnished to selection boards); 10 U.S.C. Sec. 628(b)(1)(B) and (b)(2) (concerning information and records before special selection boards); 10 U.S.C. Sec. 8362(a) and (f) (concerning selection boards and commissioned officers); and 10 U.S.C. Sec. 1552 (concerning correction of military records and claims incident thereto).

2. The potential injury to the plaintiff if review is refused.

3. The type and degree of anticipated interference with the military function. Interference per se is insufficient since there will always be some interference when review is granted, but if the interference would be such as to seriously impede the military in the performance of vital duties, it militates strongly against relief.

4. The extent to which the exercise of military expertise or discretion is involved. Courts should defer to the superior knowledge and experience of professionals in matters such as promotions or orders directly related to specific military functions.

453 F.2d at 201–02.

This Court concludes, upon a weighing of the above factors, that a denial of review is appropriate.

The Court concedes that there is potential for injury to plaintiff if review is denied. The degree of that injury is uncertain though, and the court is of the opinion that avoidance of whatever injury may occur is best left to pursuing channels within the Air Force.

The plaintiff seeks two things of this Court. First, plaintiff seeks a finding by this Court that plaintiff's record before the selection and special selection boards was incomplete and misleading as to his qualifications for promotion. Plaintiff's Opposition to Defendant's Motion to Dismiss p. 7. Secondly, should the Court so find, then plaintiff will seek from this Court a ruling setting aside the Correction Board decision denying the relief of promotion. Plaintiff's Opposition p. 8.[3]

The Court finds that the relief sought by plaintiff would require this Court, in granting review, to substantially interfere in such a manner as to seriously impede the Air Force in the performance of its vital duty of conducting the orderly process of promotion and advancement of personnel. Additionally, there is a superior knowledge and expertise in the area of promotions possessed by the Air Force, and all military branches for that matter, that precludes review by this Court.

Accordingly, defendant's Motion to Dismiss is GRANTED and the plaintiff's complaint is dismissed.

---

**3.** Plaintiff has stated specifically that he will ask the Court to hold that where "(1) the normal process of deleting OERs and inserting substitute statements is not sufficient to overcome the prejudice of error or injustice and to ensure a complete record not misleading as to an officer's qualifications for promotion (2) an officer is conceded to be qualified for promotion, and (3) the reason for the insufficiency of the nor- mal records correction process stems directly from the error of (sic) injustice inflicted, a reviewing court has the power to hold arbitrary and capricious a Correction Board decision denying promotion, and to tap its inherent equitable powers to order this relief, upon determining that no lesser remedy will adequately redress the violation." Plaintiff's Opposition p. 8.