Charles B. GODWIN, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 98–167C.

United States Court of Federal Claims.

Sept. 10, 2002.

Guy J. Ferrante, Falls Church, VA, for plaintiff. Kevin J. Barry, Chantilly, VA, of counsel.

James L. Anderson, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant, with whom were James M. Kinsella, Assistant Director, David M. Cohen, Director, and David W. Ogden, Acting Assistant Attorney General, Paul M. Geier, Assistant General Counsel for Litigation, Dale C. Anderson, Deputy Assistant General Counsel for Litigation, and Lisa H. MacPhee, Trial Attorney, U.S. Department of Transportation, of counsel.

## *OPINION*

SMITH, Senior Judge.

This case was before the court on defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, or, in the alternative, for Judgment on the Administrative Record and on plaintiff's Cross Motion for Judgment on the Administrative Record. Plaintiff sought back pay and allowances for his separation from the United States Coast Guard ("Coast Guard"). Plaintiff averred that the Board for Correction of Military Records ("BCMR") acted in an arbitrary and capricious manner by rejecting his claims that the 1994 Selection Board ("Board") was illegal and that the failure to include a recent Officer Evaluation Report ("OER") in plaintiff's personnel file before the Board prejudiced his chances of selection for promotion. Defendant challenged plaintiff's claims.

Oral argument was held on both motions. The court finds that defendant's actions were not arbitrary, capricious, contrary to law, nor unsupported by substantial evidence. The Coast Guard's 1994 Board was not illegally constituted, nor was the disputed OER material to plaintiff's non-selection for promotion. For these reasons, the court grants defendant's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted and denies plaintiff's Motion for Judgment on the Administrative Record.

**1.** RPA officers are a unique category of Reserve component officers who serve on active duty

## FACTS

Plaintiff Charles B. Godwin is a retired Coast Guard lieutenant (O-3). In 1994, he was serving on extended active duty in a Reserve Program Administrator ("RPA")[1] status. Plaintiff was considered but not recommended for promotion to the grade of lieutenant commander (O-4) by the Promotion Year 1993 and 1994 Boards. Plaintiff was mandatorily separated from active duty and retired from the Coast Guard on February 27, 1994, due to his two consecutive non-selections for promotion.

Plaintiff alleges that the 1994 Board was illegally constituted because it failed to include three RPA's, the number of constituent RPA's mandated by Coast Guard regulations. In December 1993 the Coast Guard convened the Board to select officers for promotion to lieutenant commander, among other ranks under consideration, for 1994, and RPA captains for active duty continuation. The Board consisted of only two RPA officers. The 1994 Board declined to select plaintiff for promotion to lieutenant commander.

On August 10, 1994, plaintiff filed an application with the BCMR for the removal of his non-selection because he claimed that the 1994 Board had been unfairly constituted. The BCMR denied plaintiff's request on July 21, 1995, finding that the Coast Guard had reasonably concluded that only two RPA officers were available to serve on the 1994 Board. Plaintiff sought reconsideration for the BCMR's decision on December 22, 1995. The BCMR denied reconsideration on January 17, 1997. The BCMR found that plaintiff's arguments would not have caused the BCMR to reach a different result on the question of the 1994 Board's composition had plaintiff presented the evidence to the BCMR in the first instance.

Plaintiff further avers that he was improperly denied promotion because an OER reflecting his prior six months of performance was unavailable when the 1994 Board convened. Plaintiff claims that he should have received an OER covering the time period between July 1, 1993, and November 30,

pursuant to 10 U.S.C. § 265 (1956).

1993, because a lieutenant in his position should have received a semiannual OER. Instead, plaintiff received an OER covering the period beginning on July 1, 1993, and ending on February 27, 1994, when he was involuntarily separated from the Coast Guard following his non-selection for promotion by the 1994 Board. Plaintiff contends that the wrongful omission of an OER covering the six-month period before the 1994 Board met adversely affected his consideration for promotion by failing to provide the 1994 Board with a recent assessment of his service.

Plaintiff contested the timeliness of the OER with the BCMR on June 27 and July 21, 1994. On June 29, 1995, the BCMR denied plaintiff's request to have the disputed OER declared untimely. The BCMR noted that semiannual evaluations may be delayed where officers receive an OER within ninety-two days of their normally scheduled semiannual OER's. *See* Coast Guard Personnel Manual, COMDTINST M.1000.61, Article 10–A–3a(1). According to the BCMR, plaintiff was not necessarily entitled to an OER on November 30, 1993, because he ultimately received an OER on February 27, 1994. The February 27, 1994, OER fell within ninety-two days of November 30, 1993, when plaintiff would normally have received his semiannual OER. The BCMR concluded that the Coast Guard had logically postponed plaintiff's OER until February 27, 1994, once it became clear that plaintiff would have to leave active service following his non-selection for promotion by the 1994 Board.

Plaintiff sought reconsideration of the June 29, 1995, BCMR decision on July 17, 1995. The BCMR denied plaintiff's request for reconsideration on June 25, 1996. The BCMR denied the request on the grounds that plaintiff had not introduced new evidence that could have resulted in a determination other than that previously announced in the June 1995 BCMR decision and because plaintiff failed to present information that could not have been presented in the original proceeding had plaintiff exercised reasonable diligence.

Plaintiff appeals the BCMR decisions to this court and seeks back pay and allowances that stem from his alleged illegal separation from the Coast Guard. Plaintiff also seeks a correction of his military record to void his February 1994 OER, delete any reference in his record to his non-selection by the Board, award constructive credit for service since his separation, and retire him on the date of eligibility thereafter.

## DISCUSSION

### I. JURISDICTION

The United States is immune from suit unless Congress specifically waives the government's sovereign immunity. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The Tucker Act waives the Federal Government's sovereign immunity and allows plaintiffs to bring suit in the Court of Federal Claims seeking "judgment upon any claim against the United States founded ... upon ... any Act of Congress." 28 U.S.C. § 1491 (1994 & Supp. 2001). This court has jurisdiction over military pay disputes under the Tucker Act. *Id. See also, Sawyer v. United States,* 930 F.2d 1577 (Fed.Cir.1991).

This court has Tucker Act jurisdiction over this dispute because plaintiff seeks monetary relief. While this court does not have jurisdiction over claims based upon voluntary military retirements, it does have jurisdiction to review disputes when a service member is "remov[ed] from a position to which he has been duly appointed." *Rice v. United States,* 31 Fed.Cl. 156, 163 (1994). Although this court cannot review substantive military promotion decisions, the court can decide if military promotion boards adhered to the rules governing military promotions. *See Strickland v. United States,* 36 Fed.Cl. 651 (1996); *see also Murphy v. United States,* 993 F.2d 871 (Fed.Cir.1993).

### II. STANDARD OF REVIEW

Rule 12(b)(4) of the Rules of the Court of Federal Claims requires the dismissal of a complaint if, assuming the truth of all allegations, the complaint fails to state a claim upon which relief may be granted as a matter of law. In ruling upon a Motion to Dismiss, a court must grant the motion "when the facts asserted by the plaintiff do not entitle

him to a legal remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir.2000). *See also Moyer v. United States*, 190 F.3d 1314, 1317–18 (Fed.Cir.1999); *N.Y. Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed.Cir.1999). In addition, the court must "accept all well-pleaded factual allegations as true and draw all reasonable inferences" in the plaintiff's favor. *Boyle*, 200 F.3d at 1372. *See also Perez v. United States*, 156 F.3d 1366, 1370 (Fed.Cir.1998).

The standard of review that this court applies when called upon to review a BCMR decision is whether the decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *See Porter v. United States*, 163 F.3d 1304, 1312 (Fed.Cir. 1998). This standard places a heavy burden of proof upon plaintiffs because the court extends great deference to BCMR decisions. *See Zavislak v. U.S.*, 29 Fed.Cl. 525, 531 (1993) (citing *Balboa Ins. Co. v. U.S.*, 775 F.2d 1158, 1164 (Fed.Cir.1985)) ("Where the agency is entitled to exercise its discretion…great deference is to be given to its decisions, and the plaintiff has an unusually heavy burden of proof in showing that the determination was arbitrary and capricious.").

### III. THE COAST GUARD'S 1994 PROMOTION BOARD WAS NOT ILLEGALLY CONSTITUTED.

 Plaintiff claims that the 1994 Board was illegally constituted because it failed to include three RPA officers. Under Coast Guard regulations, a Board must contain at least 5 members "serving in or above the highest grade to which the board may recom-

mend officers for promotion." Coast Guard Personnel Manual, COMDTINST M.1000.61, Article 14–A–12b. The regulations also stipulate that a Board considering RPA officers for promotion must include three RPA officers. *Id.*[2] However, the regulations provide that if a sufficient number of RPA officers is unavailable to serve on a Board. then the Board may consist of not less than one RPA officer. *Id.* Determining whether an officer is unavailable is left to the discretion of the Coast Guard.

The 1994 Board included only two RPA officers. According to the Coast Guard, only two RPA officers were available to serve on the Board out of twelve potential constituent RPA officers.[3] Defendant asserts that the regulations which normally require the presence of three RPA officers on a Board considering RPA officer promotions excuse this requirement when three RPA officers are unavailable for Board membership.

Plaintiff counters that the Coast Guard arbitrarily constricted the pool of RPA officers eligible for 1994 Board service in two ways. First, the Coast Guard had a single 1994 Board consider officer promotions to four separate ranks ranging from lieutenant (O–3) through captain (O–6). Thus, only captains could serve on the 1994 Board since Coast Guard regulations require that Board membership consist only of officers of the highest rank under evaluation for promotion by any particular Board. Second, the Coast Guard had the identical 1994 Board considering promotions from lieutenant through captain also consider RPA captains for continuation on active duty. This additional Board

---

2. *"Board Composition.* A board convened to consider RPAs for promotion to the next higher grade shall consist of five or more officers who serve in or above the highest grade to which the board may recommend officers for promotion. Three members shall be RPAs. If a sufficient number of RPAs is not available to satisfy this requirement…the board must have at least one RPA. If no reserve officer serving on active duty is senior to all officers considered for promotion, a retired Reserve officer or one serving on inactive duty senior to all officers the board will consider shall be called to active duty to serve on the board." Coast Guard Personnel Manual, COMDTINST M.1000.61, Article 14–A–12b.

3. The Coast Guard determined that a total of ten officers was unavailable to serve on the Board: three officers had served on the 1993 Board, one officer would be under consideration for continuation of service by the same Board being formed to consider promotions, one officer was scheduled for voluntary retirement, one officer had a performance record which militated against participation on the Board, two officers had schedules which prohibited Board membership, and two officers were relatively junior captains deemed too junior for Board service. However, there is no evidence in the record supporting the claim that two officers' schedules and one officer's flawed performance record prevented their service on the Board.

function resulted in the exclusion of RPA captains under consideration for continuation on active duty from the already limited pool of captains available for Board service.

Plaintiff states that the Coast Guard should have reorganized the 1994 Board to insure that the 1994 Board included three RPA officers. Plaintiff insists that reorganization of the 1994 Board so that it included three RPA officers would not have overly burdened the Coast Guard relative to RPA officers' right to fair and equitable promotion consideration. Defendant responds that the Coast Guard balanced the cost of operating a single 1994 Board against the small number of officers that the Coast Guard considered for promotion or continuation on active duty for 1994. Defendant contends that the 1994 Board, as it was actually organized, was the most efficient means reasonably available to meet the needs of the Coast Guard and its officers while operating within the constraints of Coast Guard regulations.

The standard that plaintiffs must meet to have the court overrule military personnel actions is very high. Plaintiffs must show that the military's interpretation of regulations is either plainly erroneous or inconsistent with the regulation. *See Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945) ("[T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation."); *Red Lion Broadcasting Co. v. F.C.C.*, 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969) ("[C]onstruction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong."). Indeed, "an administrative agency's interpretation of its own regulations is entitled to great deference." *Krizman v. Merit Sys. Protection Bd.*, 77 F.3d 434, 439 (Fed.Cir.1996). This standard leaves scant room for the court's discretion unless the agency's actions are plainly erroneous or inconsistent with the regulations. Here, the Coast Guard's actions were neither plainly erroneous nor inconsistent with the regulations pertaining to Coast Guard promotions.

Coast Guard regulations governing the 1994 Board's composition were clearly articulated and well-defined. Article 14–A–12b of the Coast Guard Personnel Manual states that a Board must consist of five officers, including three RPA officers. *See* Coast Guard Personnel Manual, COMDTINST M.1000.61, Article 14–A–12b. However, Article 14–A–12b also permits the Coast Guard to include as few as one RPA officer on a Board when the Coast Guard determines that fewer than three RPA officers are available for Board membership. *Id.*

Moreover, the Coast Guard has thoroughly justified its determination that only two RPA captains were available to participate in the 1994 Board. It is beyond the court's ambit to second-guess the validity of the Coast Guard's conclusion that the ten other officers potentially eligible for Board membership were unavailable to serve on the 1994 Board. Nothing exists in the administrative records to suggest that the Coast Guard's actions in this instance were plainly erroneous or inconsistent with the regulations governing Coast Guard promotions. Thus, the court finds that the Coast Guard's 1994 Board was legally constituted and that the BCMR's findings in this matter were neither arbitrary, capricious, contrary to law, nor unsupported by substantial evidence.

## IV. THE MISSING OER WAS NOT MATERIAL TO PLAINTIFF'S NON–SELECTION FOR PROMOTION.

■ Plaintiff further contends that his non-selection for promotion was also caused by the Coast Guard's failure to provide the 1994 Board with an OER assessing plaintiff's service during the six month period before the 1994 Board convened in December of 1993. Defendant admits that plaintiff was entitled to an OER for the period ending November 30, 1993. *See* Remand Motion Oral Argument Transcript at 4, 8, 14. However, defendant replies that there is no causal nexus between the OER at issue and the plaintiff's non-selection for promotion. Defendant points out that Coast Guard regulations allow a forty-five day period for procedural review of a newly-submitted OER. *See*

Coast Guard Personnel Manual, COMD-TINST M.1000.61, Article 10–A–4e(1). Thus, even if the Coast Guard had submitted the OER in question by November 30, 1993, the OER would not have necessarily cleared procedural review in time to appear before the 1994 Board, which convened in December 1993. Defendant also states that there is no evidence to show that plaintiff was harmed by the absence of an OER for the period ending on November 30, 1993.[4] Defendant concludes that the single disputed OER would not have changed the Board's ultimate decision regarding plaintiff's selection for promotion given the six years of plaintiff's performance records actually considered by the Board.

This court has held that "[n]ot all errors…warrant judicial relief. A correction board's conclusion that an officer is not entitled to the excision of his passover [sic] for promotion because there was no nexus between the error and the passover will be sustained unless it is arbitrary, capricious, unsupported by substantial evidence, or contrary to law." *Guy v. United States,* 221 Ct.Cl. 427, 608 F.2d 867, 872 (1979). Thus, the court will not interfere in BCMR decisions regarding missing OER's on Board non-selections for promotion where the absence of said OER is truly harmless. *Id.* The court understands plaintiff's desire to have had a current OER before the 1994 Board when he was considered for promotion. However, the court is restricted in its discretion here by its deferential review of BCMR decisions. *See Zavislak* at 531. The BCMR thoroughly considered and reconsidered plaintiff's claims regarding the disputed OER and concluded that the absence of a November 30, 1994 OER in plaintiff's personnel record did not adversely affect his consideration for promotion by the 1994 Board. Moreover, the BCMR could not find any evidence suggesting that inclusion of the disputed OER would have resulted in plaintiff's

promotion by the 1994 Board.[5] The BCMR also noted that plaintiff could have attempted to insure that the 1994 Board received a November 30, 1993 OER by requesting an expedited submission of the OER by his Coast Guard superiors. However, plaintiff failed to request an expedited submission of the OER. The Coast Guard's administrative record details this process completely and the court finds no significant reason to overturn the BCMR's decision regarding the OER. The BCMR did not act in a manner that was arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

## CONCLUSION

For the reasons stated above the court GRANTS defendant's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted and DENIES plaintiff's Motion for Judgment on the Administrative Record. The clerk of the court is directed to dismiss the case, and each party shall bear its costs.

It is so ORDERED.

---

4. Defendant avers that of the eight officers under consideration for promotion by the 1994 Board, three officers, including plaintiff, did not have an OER for the disputed period. Of these three officers, plaintiff was the only officer not selected for promotion.

5. In fact, the BCMR quoted the Coast Guard Personnel Command to note that "the disputed OER was significantly weaker than [plaintiff's] immediately previous four OERs." Administrative Record at 397. This suggests that inclusion of the disputed OER would actually have further hurt plaintiff's promotion chances.