Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S. App. D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued April 5, 2005                Decided May 6, 2005

No. 04-5197

JOHN F. KREIS,
APPELLANT

v.

SECRETARY OF THE AIR FORCE, IN HIS OFFICIAL CAPACITY,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 02cv02317)

———

*Daniel M. Schember* argued the cause and filed the briefs for appellant.

*Charlotte A. Abel*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

2

Before: EDWARDS, ROGERS and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge:* This appeal stems from Air Force Major (now retired) John F. Kreis's continuing efforts to obtain a correction of his military records and retroactive promotion by the Air Force Board for the Correction of Military Records ("the Board"). Following a remand, *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508 (D.C. Cir. 1989) ("*Kreis I*"), the Board found on April 6, 1992 that there was insufficient evidence to demonstrate the existence of possible error or injustice warranting favorable action on Kreis's requests. The district court affirmed, *Kreis v. Sec'y of the Air Force*, No. 85-1169 (June 3, 1994), *aff'd,* 1995 U.S. App. LEXIS 8737 (D.C. Cir. Mar. 8, 1995) ("*Kreis II*") (unpublished order), declining to consider three declarations that had not been presented to the Board. *Id.* The Board subsequently denied Kreis's motion for reconsideration to which he attached the three declarations and supplemental statements, and the district court affirmed. Kreis now contends that the Board was arbitrary and capricious when it denied reconsideration without considering his evidence because it failed to follow its regulation on reconsideration and its precedent. On *de novo* review of the grant of summary judgment to the Board, *see Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records,* 56 F.3d 279, 286 (D.C. Cir. 1995), we reverse and remand the case to the district court with instructions to remand to the Board for consideration of Kreis's motion for reconsideration on the merits.

**I.**

The background to this appeal is set forth in *Kreis I,* 866 F.2d at 1509-11, and *Kreis v. Sec'y of the Air Force,* 648 F. Supp. 383 (D.D.C. 1986). The only issue before the court is whether the Board's denial of Kreis's motion for reconsideration

was contrary to law under its regulation and precedent. In denying reconsideration the Board stated, in full:

> The Board examined your request and concluded that it *does not meet the criteria* for reconsideration by the Board. Reconsideration is authorized only when newly discovered relevant evidence is presented which was not available when the application was submitted. The reiteration of facts previously addressed by the Board, uncorroborated personal observations, or additional arguments on the evidence of record are not adequate grounds for reopening a case.

(emphasis added) Whether the Board properly refused to consider the documents submitted by Kreis for failure to meet the criteria for reconsideration is governed by the Board regulation on reconsideration, which provides, in relevant part:

> Requests for reconsideration shall provide newly discovered relevant evidence not reasonably available to the applicant at the time of a previous application. All requests . . . will be initially screened by the staff of the Board . . . . * * * If such [new] factual allegations, or documentary evidence have been submitted, the request shall be forwarded to the Board for a determination [whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing].

32 C.F.R. § 865.9(c) (1994). Kreis sued the Secretary, alleging that the Board's refusal to reconsider his application was arbitrary and capricious, and the district court granted summary judgment to the Board, ruling that the decision of the Board is supported by the evidence.

**II.**

As the court stated in *Kreis I*, while the district court's jurisdiction does not reach military personnel decisions, the court has jurisdiction "to evaluate, in light of familiar principles of administrative law, the reasonableness of the Secretary's decision not to take certain corrective action with respect to [Kreis's military] record." 866 F.2d at 1511. The court need only "determine whether the Secretary's decision making process was deficient, not whether his decision was correct." *Id.* So too the Board's denial of Kreis's motion for reconsideration is subject to review under such principles of administrative law. *See id.* at 1512-13. Thus, the court must uphold the Board's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2000). The court, therefore, must be able to conclude that the Board "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168 (1962)). "An agency's discretionary order [will] be upheld, if at all, on the same basis articulated in the order by the agency itself." *Burlington Truck Lines,* 371 U.S. at 168-69. While the Secretary contends that even greater deference is required here because military personnel decisions are entitled to an "unusually deferential" standard of review, *Kreis I*, 866 F.2d at 1513-14, the issue before the court does not involve a military judgment requiring military expertise, but rather review of the Board's application of a procedural regulation governing its case adjudication process. Upon *de novo* review of the district court's grant of summary judgment to the Board, *Kidwell,* 56 F.3d at 286, we conclude that a remand to the Board is required for the following reasons.

First, the only fair reading of the Board's decision is that, in the Board's view, the evidence submitted by Kreis did not provide adequate grounds for the Board to reach the merits of his request for reconsideration. The Board stated: "The Board examined your request and concluded that it does not meet the criteria for reconsideration by the Board." Admin. Rec. at 123. Neither has the Secretary argued on appeal that the Board considered the merits of Kreis's request. Thus, the Board denied Kreis's motion at the threshold level by deciding that the documents he submitted did not warrant Board consideration of the underlying merits of his request for reconsideration. This conclusion is bolstered by a staff recommendation to the Board that "only addressed the arguments of [Kreis] . . . to the extent they relate to the appropriateness of this Board reconsidering its decision." *Id*. at 105.

In that light, the Board's refusal to consider "uncorroborated" evidence imposed a requirement not present in its regulation and inconsistent with its precedent. The evidence before the Board consisted of three declarations by military officials, an excerpt from a deposition of a fourth military official, and an affidavit by Kreis's counsel regarding statements made by Larry W. Neptune, a former Air Force Personnel officer. According to the affidavit, Neptune stated that a memorandum of Brigadier General William R. Brooksher, Air Force chief of security police, which had been destroyed, directed that Kreis should not be assigned to a command position or to any other position of responsibility in the security police field. The Board's reference to "uncorroborated personal observations" can only be a reference to the Neptune statements. While the uncorroborated nature of the evidence might appropriately weigh in the Board's assessment of its probative weight, the Board's order denying reconsideration, fairly read, was based on its view that the evidence submitted by Kreis failed to provide a sufficient basis for the Board to reach the

merits of his motion for reconsideration. In addition, the Board does not dispute Kreis's assertion that it failed to follow its precedent granting requests for reconsideration based on uncorroborated statements. *See* Addendum to Record of Proceedings, A.F.B.C.M.R. No. 9703586 (Dec. 17, 1998); Addendum to Record of Proceedings, A.F.B.C.M.R. No. 9801126 (Mar. 29, 2000). It is axiomatic that "[a]n agency must treat similar cases in a similar manner unless it can provide a legitimate reason for failing to do so." *Indep. Petroleum Ass'n of Am. v. Babbitt,* 92 F.3d 1248, 1258 (D.C. Cir. 1996). Therefore, the Board's conclusion that the Neptune statements did not meet the criteria for reconsideration because they were "uncorroborated personal observations" is arbitrary and capricious because it is inconsistent with its regulation and an unexplained departure from its precedent.

Second, the Board also ignored its precedent in denying reconsideration without addressing the substantive merits of the three declarations attached to Kreis's motion for reconsideration or an excerpt from a deposition of a fourth military official submitted as a supplement to his motion. Kreis points to Board precedent that treated as evidence, not arguments, expert opinion refuting Board judgments and reasoning. *See also Guy v. United States*, 608 F.2d 867, 874 (Ct. Cl. 1979). Yet in denying reconsideration, he contends, the Board "did not dispute that the declarations, deposition testimony, and statements that Major Kreis submitted were newly discovered, relevant, and not reasonably available at the time of Major Kreis's 1981 application," but instead "held them not to be evidence." Br. for Appellant at 5-6.

The Board decisions appended to Kreis's brief on appeal indicate that while the Board may not give much weight to expert opinion, upon submission of such expert opinions, the Board has reached the merits of a motion for reconsideration.

*E.g.* Second Addendum to Record of Proceedings, A.F.B.C.M.R. No. 9103049 (Feb. 16, 1999); *see, e.g.,* Addendum to Record of Proceedings, A.F.B.C.M.R. No. 9702571 (Aug. 24, 1999).  The Secretary does not attempt to distinguish the Board precedent cited by Kreis; but rather makes the bald assertion that the Board "is not bound by its previous decisions" in unrelated cases in which reconsideration was granted.  Br. for Appellee at 11-12.  Absent any reasoned explanation in the Board's decision for different treatment of Kreis's expert military evidence, *see Indep. Petroleum Ass'n of Am.,* 92 F.3d at 1258, the denial of reconsideration for failure to meet the criteria for reconsideration under the rule, when it has previously granted reconsideration upon submission of expert military opinion, is arbitrary and capricious.

To the extent the Secretary maintains the expert military opinions are not newly discovered evidence under 32 C.F.R. § 865.9(c), because they merely reiterate facts already before the Board and assert opinions that the Board made the wrong decision in 1992, the declarations and deposition focus on the military practice rationale and statistical evidence relied on by the Board in 1992 in concluding that there was insufficient evidence to demonstrate the existence of possible "error or injustice" warranting relief.  *See* 32 C.F.R. § 581.3(a)(4).  According to the expert military opinions, the Board's rationales for denying Kreis relief departed from the practices of Special Selection Boards in deciding on promotions.  The Declaration of U.S. Air Force Lieutenant General Devol Brett (retired), which was embraced by the Declarations of U.S. Air Force Colonel Ervin C. Stewart (retired) and U.S. Air Force Colonel George H. Knudson, Jr. (retired), focuses on the Board's methodology of relying on evaluations dated before 1971 – during Kreis's first three years as a captain and his service as a lieutenant – to determine that his record showed "somewhat erratic performance" and to conclude that a 1979 officer

effectiveness report bearing a favorable endorsement by Lieutenant General James D. Hughes, Commander-in-Chief of the Pacific Air Force, and an assignment to the high-level position would not have caused Kreis to be selected for promotion. The Brett Declaration states, "Performance as a major, not performance as a lieutenant or young captain, is most important to a lieutenant colonel selection board." The Brett Declaration also states that the Board relied on an incorrect set of statistics – the 31% and 7% overall selection rates for regular and reserve officers respectively in 1980 – because "[f]irst-time eligibles, like Major Kreis in 1980, have the highest selection rates of all officers under consideration" and the "relevant statistics" were at least 63.7% for the group of first-time eligibles as a whole and 68.4% for the group falling into a controlled category to which Kreis belonged. These statistics, the Brett Declaration stated, indicate that Kreis was more likely than not to be selected for promotion in 1980. Finally, the Brett Declaration stated that the Board should have compared Kreis's record to the sample of records viewed by the 1980 Special Selection Board or to any other appropriate sample of records, as is the practice of Special Selection Boards. In addition, the excerpt from the deposition of Air Force General Howard J. Ingersoll of November 8, 1996 confirmed General Brett's point that the rank of the reviewing official is very important and that an endorsement by Lieutenant General Hughes, as "the most senior Air Force officer who could participate as an endorsing official, and who was Commander-in Chief of the major aid command, would have made a marked difference in the opinions of the board members."

Having previously considered such expert military opinion to be "newly discovered relevant evidence" warranting consideration of a motion for reconsideration on the merits, the Board, which is a civilian board, *Roelofs v. Sec'y of the Air Force,* 628 F.2d 594, 596 n.8 (D.C. Cir. 1980), failed to explain

why it treated the expert military opinions here differently. Therefore, the Board's conclusion that reconsideration was not authorized on the basis of newly discovered relevant evidence was arbitrary and capricious.

Accordingly, we reverse and remand the case to the district court with instructions to remand to the Board for consideration of the merits of Kreis's motion for reconsideration; such reconsideration shall address the merits of the expert military opinions expressed in the declarations of U.S. Air Force Lieutenant General Brett, U.S. Air Force Colonel Stewart, and U.S. Air Force Colonel Knudson, the other evidence Kreis submitted with his motion, and any supplements to his motion.