*862 This military pay case comes before the court on defendant’s motion for summary judgment. Plaintiff has not filed in opposition to the motion. We conclude that plaintiffs claim should be dismissed under the doctrine of laches.
We interpret plaintiffs petition to assert that he was wrongfully separated from the United States Navy as a result of the Navy’s breach of his enlistment agreement.[1] Plaintiff alleges that when he agreed to his original four year enlistment term, and again when he agreed to extend his enlistment for two additional years, he was promised that he would be assigned to the nuclear propulsion program. Plaintiff enlisted in September of 1972 and signed the enlistment extension agreement in October of that year. In June of 1973, he was notified by the Chief of Naval Personnel that he would be disenrolled from the nuclear propulsion program because of his record of civil offenses. Plaintiff replied by letter and requested either reinstatement in the nuclear program or termination of his enlistment contract and separation from the service. Plaintiff was granted an honorable discharge on July 27, 1973. He filed suit in this court on October 25, 1978.
We have held that the doctrine of laches may be applied in military pay cases under appropriate circumstances. See Steuer v. United States, 207 Ct. Cl. 282 (1975); Brundage v. United States, 205 Ct. Cl. 502, 504 F.2d 1382 (1974), cert. denied, 421 U.S. 998 (1975). In military discharge cases, the cause of action accrues immediately upon the serviceman’s removal. Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974). Delay alone does not constitute laches, and the defendant must make a showing of prejudice. The longer the delay, however, the less need there is to search for specific prejudice. Brundage at 509, 504 F. 2d at 1386.
Plaintiff had served ten months of his six year term of enlistment when he was discharged. He filed his claim here almost five years and three months later. The record does not show that plaintiff made any effort to obtain administrative relief during this period. Plaintiff has offered no explanation for the delay.
*863 The Government is prejudiced to a certain extent by the mere fact that it might be obliged to pay two salaries over a five year period when it has received the services of only one person. See Brundage at 510, 504 F. 2d at 1386. Further, defendant states that the written records concerning the reasons for plaintiffs disenrollment from the nuclear program were routinely destroyed after two years. Finally, we note that plaintiff actually requested that he be separated from the service. While we do not believe that plaintiffs action is properly construed as a waiver of the alleged breach by defendant, it did indicate to the Navy that he acquiesced in the separation. Under these circumstances, plaintiff was obliged to act diligently in challenging the separation in order to dispel the reasonable inference that he was satisfied with the Navy’s action.
We conclude that plaintiff has waited too long before bringing his claim to this court. Under the equitable principles of laches, plaintiffs petition must be dismissed.
it is therefore ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.

 Since we dispose of plaintiffs claim on the ground of laches, we need not discuss defendant’s contentions that part of plaintiffs claim sounds in tort and is therefore outside our jurisdiction.