This military pay case is before the court on crossmo-tions for summary judgment. Plaintiff was serving in the temporary rank of major on active duty with the United States Air Force when he was honorably discharged because he had been passed over twice for promotion to the permanent rank of major. Plaintiff argues that his discharge was unlawful, and that he is entitled to back pay, correction of his records, and reinstatement in the rank of major. We disagree and hold for defendant.
Plaintiff was first considered, but not selected, for promotion to the permanent rank of major by the selection board that convened on August 25, 1969 (1969 selection board). At that time plaintiffs file, as considered by the first selection board, contained three Officer Effectiveness Reports (OER’s) encompassing the periods January 5, 1967-
*865 June 29, 1967, June 30, 1967-March 26, 1968, and March 27, 1968-March 26, 1969,[1] all of which carried an overall evaluation of 7 (excellent, seldom equaled) and a promotion recommendation of 3 (promote ahead of contemporaries). When plaintiff was considered, but not selected, a second time for promotion to the permanent rank of major by the selection board that met on July 27, 1970 (1970 selection board), plaintiffs record contained two additional OER’s. The first, covering the period July 1,1969-October 31, 1969, carried an overall evaluation qf 8 (outstanding, almost never equaled) and a promotion recommendation of 3. The second, covering the period November 1, 1969-April 7, 1970, carried an overall recommendation of 9 (absolutely superior) and a promotion recommendation of 4 (promote well ahead of contemporaries).
After plaintiff was twice passed over for promotion to the permanent rank of major, he resigned and was honorably discharged from the Regular Air Force on March 30, 1971. He reenlisted in the USAF as a sergeant on June 25, 1971.
On January 11, 1971, plaintiff petitioned the Officer Personnel Records Review Board (OPRRB) to void and remove from his record the three OER’s, each reflecting a score of 7-3, covering the periods ending June 29, 1967, *866 March 26, 1968, and March 26, 1969. Plaintiffs request was denied. He thereupon applied to the Air Force Board for Correction of Military Records (AFBCMR), requesting the voiding of the three 7-3 OER’s, the 8-3 OER covering the period July 1, 1969-October 31, 1969, and the two passovers based on these OER’s. Plaintiff also asked for retroactive restoration to extended active duty in a commissioned status.
The AFBCMR initially denied plaintiff all requested relief on June 15, 1973. Two years later, however, his application was reconsidered when new evidence was discovered tending to support plaintiffs claim that the July 1, 1969-October 31, 1969, OER was not signed by the reporting official. After reconsideration, on June 6, 1975, the board found this OER to be invalid and ordered that it be voided and removed from plaintiffs record. All other requested relief was denied because the board found insufficient relevant evidence of a probable error or injustice in the case.
Plaintiffs basic complaint in this court is that the three OER’s covering the period January 5, 1967-March 29, 1969, were erroneous and unjust and should have been removed from his file, whereupon the two passovers should have been voided. Plaintiff submitted to the OPRRB statements from the eight officers who served as raters, indorsers and additional indorsers on the three OER’s. In 1976, for purposes of this litigation, four of these men made sworn statements reiterating the substance of their earlier statements. These sworn statements assert that the men now believe that they graded plaintiff too low, either because they had a practice of downgrading newly promoted officers, or because they overlooked or misevaluated information about his performance. The OPRRB found the statements of these officials unpersuasive and refused to void the OER’s. The correction board concurred.
Plaintiff faces a heavy burden in attempting to persuade us that the refusal to void the challenged OER’s was arbitrary or capricious, since this court recognizes a strong presumption that the correction board has faithfully discharged its duties. Cooper v. United States, 203 Ct. Cl. 300, 304 (1973). To overcome this presumption, plaintiff must show by "cogent and clearly convincing evidence that *867 the Board’s decision was arbitrary, capricious or unlawful.” Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973). Plaintiff has not satisfied his burden. As we said in Savio v. United States, 213 Ct. Cl. 737, 740 (1977), "[t]his court has held that such after-the-fact letters from rating officers who in retrospect state that in their opinion they rated a particular officer too low do not raise a triable issue of fact for the court as to whether there has been an abuse of discretion. We do not substitute our judgment for the military in evaluating that kind of evidence. Tanaka v. United States, 210 Ct. Cl. 712 (1976), cert. denied, 430 U.S. 955 (1977).” The retrospective statements of plaintiffs rating officers[2] are thus insufficient to prove that the board acted arbitrarily in refusing to void the challenged OER’s. There is no basis for voiding plaintiffs first passover.
Plaintiffs second passover succeeded the July 1, 1969-October 31, 1969, OER which was later voided by the correction board and removed from plaintiffs record. The remaining issue in this case is whether the board acted arbitrarily or capriciously in failing to void the second passover after removing the OER.
In Sanders v. United States, 219 Ct. Cl. 285, 302, 594 F. 2d 804, 814 (1979), this court held that an officer had a right to be considered for promotion "on the basis of a record which portrayed his service career on 'a fair and equitable basis’ as the statutes require. 10 U.S.C. §§ 3442(c), 8442(c).” If an officer were not so considered, any resulting passover was deemed ineffective and a separation based on that passover would be held unlawful. The specific standard for recovery was enunciated in Riley v. United States, ante at 312, 608 F. 2d 441, 443 (1979), where this court stated, "[t]o recover under this standard, it must be shown that there was prejudicial legal or factual error or injustice in the manner of the selection board’s consideration of plaintiff for promotion. Harmless error, however, that was unrelated to an officer’s nonselections will not warrant judicial relief.” Under our Sanders opinion, an error will be considered harmless when it is "truly harmless, that is, *868 when substantial evidence shows that it was unlikely that the officer would have been promoted in any event.” Sanders v. United States, supra, 219 Ct. Cl. at 310, 594 F. 2d at 818.
In plaintiffs case, there was clearly a legal error in the way the 1970 selection board considered plaintiff for promotion in that his record contained an invalid OER. This legal error may have been prejudicial in that plaintiffs average OER score in the absence of the defective OER is slightly higher than it would be if the OER were included in the average.[3] However, substantial evidence indicates that plaintiff would not have been promoted even if the selection board had considered him without the defective OER in his file. The defective OER was one of the highest OER’s that plaintiff had received in recent years. It is extremely doubtful that removing that OER would have significantly improved plaintiffs chances for promotion. When plaintiff was passed over for promotion by the 1970 selection board, he was four points below the cutoff and there were at least 88 people who would have been selected before him. Moreover, plaintiff had already been passed over once, a fact which immediately reduced his chances for promotion by the second board. Under these circumstances, the defective OER can only be viewed as harmless error. The AFBCMR did not act arbitrarily or capriciously in refusing to void the second passover.[4]
it is therefore ordered, on consideration of the record and briefs of counsel, but without oral argument, that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.

 Plaintiffs OER ratings from January 1963 through March 1971 are as follows:

 It should be noted that inclusion of a boilerplate sentence that "my observations are not retrospective evaluations” does not change the retrospective nature of the statements of plaintiffs reporting officials.

 The average of all of plaintiffs OER’s from January 24, 1963, through April 7, 1970 (including the defective OER), is 7.6-3. His average is 7.71-3 when the defective OER is not included.

 There is obviously no basis for voiding the first passover, since the defective OER covered a period after plaintiff was first passed over.