Military pay; nonselection for promotion; failure to introduce sufficient evidence. — On February 29, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This military pay case comes before the court on defendant’s motion for summary judgment. Plaintiff, a former captain in the United States Air Force, seeks relief from his involuntary termination under 10 U.S.C. § 8303 (1976) resulting from two passovers for promotion to permanent grade captain. For the reasons set forth below, we find plaintiff has presented insufficient evidence and grant defendant’s motion.
Plaintiff contends that he was improperly discharged because the two passovers causing the Air Force to discharge him were based upon defective Officer Effectiveness Reports (OER) in his file.[1] Thus, he continues, he is entitled to relief under Sanders v. United States, 219 Ct. Cl. 285, 594 F. 2d 804 (1979). In particular, plaintiff complains that his OER for February 1972 — February 1973 was inaccurate because the indorsing officer stated that Captain Chronis had a weight problem and made no effort to lose weight to meet the unit commander’s standards. Both the indorsing officer and additional indorsing officer, Chronis’ unit commander, later amended their statements. The reason for their recantation was that the Air Force had no official weight standards in effect when Chronis was reviewed. Thus, the commanding officer set appropriate standards. Both officers, however, upon later reflection felt that the standards applied to plaintiff were too harsh, and, under later standards, he was actually at weight.
*673 On the basis of his indorsing officer’s change of mind, plaintiff sought to have his OER removed, his passovers voided, records corrected, and requests reinstatement and promotion to permanent grade of captain. The Air Force Board for the Correction of Military Records (AFBCMR) denied plaintiffs request stating that he had supplied insufficient evidence to demonstrate error or injustice.[2] Plaintiff then timely appealed to this court.
As we have stated before, plaintiffs seeking relief in military pay cases face a heavy burden in attempting to persuade us that the refusal to void the challenged OER was arbitrary or capricious, since this court recognizes a strong presumption that the correction board has faithfully discharged its duties. Cooper v. United States, 203 Ct. Cl. 300, 304 (1973). In overcoming this presumption, plaintiff bears the burden of showing by "cogent and clearly convincing evidence that the Board’s decision was arbitrary, capricious or unlawful.” Dorl v. United States, 200 Ct. Cl. 626, 633, cert. denied, 414 U.S. 1032 (1973). Plaintiff has not satisfied his burden. We reached this same result recently in Reid v. United States, 221 Ct. Cl. 864 (1979), where we quoted as follows from Savio v. United States, 213 Ct. Cl. 737, 740 (1977):
[T]his court has held that such after-the-fact letters from rating officers who in retrospect state that in their opinion they rated a particular officer too low do not raise a triable issue of fact for the court as to whether there has been an abuse of discretion. We do not substitute our judgment for the military in evaluating that kind of evidence. Tanaka v. United States, 210 Ct. Cl. 712 (1976), cert. denied, 430 U.S. 955 (1977).
Thus, as we held in Reid, the retrospective statements of plaintiffs rating officers are insufficient to prove that the AFBCMR acted arbitrarily in refusing to void the challenged OER. Consequently, defendant’s motion must be granted.
Accordingly, it is therefore ordered, on consideration of the record and parties’ submissions, but without oral argument, that defendant’s motion for summary judgment is granted, and the petition is dismissed.

 Actually, plaintiff was passed over three times. The Air Force Board for the Correction of Military Records voided plaintiffs real second passover, however, because, through clerical error, a recent OER had not been included in his file. Other activity in Capt. Chronis’ file has included the attachment of letters of mitigation of some of his OER’s.

 For example, there was only a two pound per month difference in weight standards.