per curiam:
In this military pay case defendant has moved for summary judgment. We decide the case without oral argument and allow the motion on the grounds of laches.
Plaintiff is a former captain in the Regular United States Air Force who was honorably discharged on March 30, 1975, after having failed twice to be selected for promotion to the grade of permanent major by selection boards convened in 1973 and 1974. 10 U.S.C. § 8303(d)(3) (1976). He was passed over for promotion to the temporary grade of major in 1969, 1970, 1971, 1972, and 1973. Plaintiff qualified for retirement by enlisted service after his discharge as an officer and retired in the grade of captain on March 31,1979.
On December 8, 1976, more than 6 years after his first nonselection for temporary major and 3 years after his first nonselection for permanent major, plaintiff applied to the Officer Personnel Records Review Board (OPRRB) seeking voidance of four OERs, two issued in 1962 and one each in 1963 and 1965. He was successful only as to the 1965 OER.
On October 6, 1977, plaintiff applied to the Air Force Board for Correction of Military Records (AFBCMR or the board) seeking voidance of the other three OERs, removal of his nonselections, restoration to active duty commissioned status, and retroactive promotion. He was represented by able and experienced counsel. The board noted that the application was not timely filed but accepted it. On February 25, 1980, the AFBCMR issued a decision determining that the evidence presented by plaintiff did not demonstrate the existence of probable material error or injustice and that even if the contested OERs were removed, plaintiff would not be in a selected category. Plaintiffs application was denied without a hearing. He was so notified on March 3, 1980, and filed his petition in this court on August 8,1980. Plaintiff alleges in his petition that the AFBCMR decision was arbitrary, capricious, and not supported by substantial evidence. He claims back pay and reinstatement and alleges that inclusion of the contested OERs in his record before selection boards resulted in his *911 nonselection for temporary and permanent major and, ultimately, caused his separation from the Air Force in 1975.
The main basis of defendant’s motion for summary judgment is that the entire claim is barred by laches and therefore we need not reach the merits. Defendant further submits that plaintiff has failed to state a claim upon which relief can be granted and, in any event, the challenged decision is binding on plaintiff. Plaintiff argues to the court that laches cannot apply here because plaintiffs delay was reasonable under the circumstances and defendant has failed to demonstrate any prejudice resulting from the delay. Plaintiff also argues that he has stated a proper claim and that AFBCMR decision is arbitrary and capricious and replete with harmful error.
As a technical matter, plaintiff had no cause of action in this court until separation on March 30, 1975. He could, however, have brought a mandamus action in district court before that date to challenge his record and passovers. Further, as early as 1962, when the first contested OER was rendered, plaintiff could have applied to the OPRRB or to the AFBCMR for correction of it. Plaintiff, however, offers no clear reason for failing to assert his right to a correction of his records until after he had been passed over seven times. Where on notice of his claim and where plaintiff could have but failed to bring suit, he may be charged with periods of inexcusable delay even though such periods occurred prior to the accrual of the claim for limitations purposes. Deering v. United States, 223 Ct. Cl. 342, 351, n.3, 620 F.2d 242, 246 n.3 (en banc 1980); Plant v. United States, 222 Ct.Cl. 582 (1980); Frommhagen v. United States, 216 Ct. Cl. 1, 573 F.2d 52 (1978), cert. denied, 440 U.S. 909 (1979).
The court does not penalize a plaintiff for a timely and diligent exhaustion of permissive administrative remedies before bringing suit. Cason v. United States, 200 Ct. Cl. 424, 471 F.2d 1225 (1973). Here plaintiff says he was diligent but the facts suggest otherwise. Allegedly prejudicial OERs were issued between 1962 and 1965, but plaintiff waited until 1976 to contest them before the OPRRB. His nonselec-tions for permanent major, which are at issue now, took place in 1973 and 1974 but plaintiff did not appeal to the *912 correction board until 1977. He was advised by defendant of his appeal rights when he was not selected. Plaintiff waited over 20 months after his discharge to pursue any administrative remedy and 64 months from his discharge to the time he brought suit.
In consideration of laches, inexcusable delay is not enough to establish it. Defendant must be prejudiced by the delay and initially has the burden to prove it. However, the cases are legion in this court that, where the delay in asserting a claim is too long, the burden of showing there was no prejudice shifts to plaintiff and prejudice may be presumed if the burden is not discharged. Deering v. United States, supra. That is true here. Plaintiffs able brief in support of his application for correction of his records frankly states:
Both applicant and his counsel recognize that these OER’s are what might be termed "ancient history” in that they were rendered 15 and 16 years ago.
Plaintiff has not shown a lack of prejudice to defendant. On the contrary, it is evident that defendant would be prejudiced by plaintiffs recovery, for it would have to pay him for the many years he rendered no service to defendant and delayed advancing his claim, thus enhancing his prospective damages. Gentry, v. United States, 225 Ct.Cl. 654 (1980). Moreover, even at the correction board level there was prejudice to defendant. One important witness, Major Johnson, plaintiffs squadron commander, 1962-63, who plaintiff says could have shed light on the accuracy and fairness of his 1962 OER, was deceased when the board considered plaintiffs application for correction of records. Still further, the Air Force advised the correction board that it was unable to locate any documents or other independent evidence pertaining to plaintiffs contentions that the 1962 OERs were prepared pursuant to an unauthorized policy or that the 1963 OER was prepared by an unstable rater. This is not to be unexpected when the inquiry had to be made some 12 or more years after the fact and the death of one of the principal actors had intervened.
The equitable doctrine of laches arises from the maxim that "equity aids the vigilant, not those who slumber on *913 their rights.” Powell v. Zuckert, 366 F.2d 634, 636 (D.C.Cir. 1966). "The doctrine of laches is based upon considerations of public policy, which require, for the peace of society, the discouragement of stale demands.” Brundage v. United States, 205 Ct. Cl. 502, 505, 504 F.2d 1382, 1384 (1974), cert. denied, 421 U.S. 998 (1975). Since we find this to be a clear case of laches, we do not discuss the other issues raised by the parties, identified earlier. Plaintiff was an able, dedicated officer who served his country well and long, and now draws retired pay for it. He thinks that he should be reinstated and given back pay because of alleged errors in his record which prevented his promotion. But, his claim is inexcusably stale, and we will not pursue it. We will only add that his contentions received consideration in an opinion and findings by the Air Force Board for Correction of Military Records, and it is not as if he had been refused serious consideration of his allegations. Before the board he raised all of the allegations made to the court, except the right to promotion not asserted here. Whether the court would reach the same result as the board is not for us to say. We are not a super correction board and detect no legal errors here which might overcome the application of laches or dictate a different result.
it is therefore ordered, upon consideration of the motion, briefs and exhibits, but without oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.