Sherman E. WATSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 505–83C.

United States Claims Court.

June 19, 1987.

Richard L. Swick, Washington, D.C., for plaintiff.

Alvin A. Schall, Major Craig P. Niederpruem, Washington, D.C., of counsel, with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

SETO, Judge.

In this military pay case, defendant has moved the court for summary judgment on the grounds that plaintiff's claim is time-barred by the doctrine of laches and must be dismissed. In the alternative, defendant contends that summary judgment should be entered in its favor because the Army Board of Correction of Military Records (ABCMR or Board) was not arbitrary, capricious, without substantial evidence or contrary to law in its refusal to correct plaintiff's military record and grant other relief sought. Plaintiff opposes the motion for summary judgment and cross-moves for summary judgment in its favor. These cross-motions raise two issues: is plaintiff's claim barred by the doctrine of laches; and on review, should the ABCMR decision be overturned as arbitrary, capricious, unsupported by substantial evidence, or contrary to law. For the reasons set forth in this opinion, plaintiff's claim is dismissed as required by laches, but were the action considered on review, this court would grant summary judgment for defendant, as the ABCMR decision was according to law and supported by substantial evidence.

## FACTS

Plaintiff, Sherman E. Watson, was commissioned as a 2nd Lieutenant in the Regular Army in March 1966. Thereafter, he

served in a variety of assignments eventually attaining the permanent grade of Captain, R.A. In July 1968, plaintiff received an OER for the period from December 11, 1967 to June 26, 1968. During this period, from December 1967 through March 1968, plaintiff served primarily as a Forward Observed ("FO"), although on January 2, 1968 he was reassigned as a Battery Assistant Executive Officer. On April 9, 1968, plaintiff was moved into a Captain's slot Batallion ("BN") S2 and served in that position until the end of the rating period 26 June 1968. Soon afterward, plaintiff received an adverse OER for this period. This is the OER that plaintiff challenges. The OER criticized plaintiff for poor organizational skills and inability to complete assigned tasks, and the OER recommended that plaintiff not be promoted at that time. As support for its criticism, the OER focused upon administrative errors in the plaintiff's classified documents log. According to the OER, these administrative errors led to the loss of several nonclassified documents important to the administrative management of plaintiff's S2 functions. The OER, however, was silent with respect to the 120 days the plaintiff served as FO.

Plaintiff appealed the 1968 OER in May 1973 to the Department of the Army, and that appeal was denied in September 1973. In March 1977, plaintiff applied to the Board seeking removal of the 1968 OER from his records. The Board concluded that the contested OER was in compliance with Army regulations and denied the appeal in September 1977. In April 1980, the plaintiff petitioned the Board a second time requesting reconsideration of the Board's 1977 decision. In June 1980, the Board once again denied the plaintiff's request. On December 1, 1980, pursuant to 10 U.S.C. § 3303(d) (repealed Sept. 15, 1981), plaintiff was involuntarily discharged from active duty as a result of not being promoted to the permanent rank of major. Plaintiff had on five previous occasions in 1976, 1977, 1978, 1979 and 1980 been considered for promotion to the rank of major by the Department of Army selection boards, but not selected.

In March 1981, plaintiff made his third and final application to the Board.[1] In support of this application for relief, plaintiff submitted the statement of Lieutenant Colonel Robert G. Finkenaur, the rater on the 1968 OER, in which he recommended voidance of the contested OER. Finkenaur's statement detailed the circumstances surrounding his appraisal of plaintiff's job performance and how those circumstances contributed to plaintiff's adverse OER. To recapitulate, Finkenaur stated that the 1968 OER ignored sixty percent of the reporting period, was biased by a single negative incident, was written while in a high pressure situation and under the expectation that the OER would be removed from the record after seven years. Finkenaur concluded that the 1968 OER, viewed in the context of plaintiff's entire record, was an aberration and therefore should be eliminated. The Board considered a summary of a conversation between Colonel Paul J. Raisig, indorser on the 1968 OER, and the Special Review Board (SRB), in addition to the statement of Finkenaur. The Board had contacted the SRB to render an advisory opinion on the case, and the SRB's summary of the conversation stated that although Raisig did not have a strong recollection of the plaintiff, he considered the contested OER fair because the plaintiff's job performance as S2 was below par.

Plaintiff filed his complaint in this court on August 1983, alleging that the presence of the 1968 OER in plaintiff's record denied him consideration for promotion on a fair and equitable basis, and therefore, his failure to be promoted and the resulting involuntary discharge should be voided. Plaintiff seeks reinstatement at the rank of major, correction of military records to reflect continuous service, and backpay and other allowances.

## DISCUSSION
*Doctrine of Laches*

Defendant asserts that the facts of this case clearly demonstrate that plaintiff's

1. Defendant points out that plaintiff's three ABCMR applications were reviewed by three different panels composed of a total of nine different individuals.

claim is barred by the doctrine of laches, since plaintiff has inexcusably delayed in pursuing his claim and that delay has caused prejudice to the government. *See Carrasco v. United States*, 215 Ct.Cl. 19, 29 (1977); *Brundage v. United States*, 205 Ct.Cl. 502, 505–06, 504 F.2d 1382, 1384 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Albright v. United States*, 161 Ct.Cl. 356, 362–63 (1963). In support of the charge of inexcusable delay, defendant points out that thirteen of the fifteen years that have elapsed since the 1968 OER was issued are attributable to plaintiff's delay in pursuing relief. Because plaintiff was on notice of his claim in 1968, defendant contends that he may be charged with periods of inexcusable delay from that date forward, even though the cause of action had not accrued. *See Deering v. United States*, 223 Ct.Cl. 342, 620 F.2d 242 (1980); *Adkins v. United States*, 228 Ct.Cl. 909 (1981) (per curiam). Moreover, plaintiff was obligated to pursue administrative remedies with diligence to avoid the bar of laches. *See Adkins*, 228 Ct.Cl. at 910; *Goeppner v. United States*, 3 Cl.Ct. 345, 348 (1983), *aff'd*, 732 F.2d 168 (1984). To satisfy the second element of laches, defendant alleges that prejudice arises because the facts surrounding the controversy are no longer susceptible to accurate reconstruction, as a result of the passage of time. *See Brundage*, 205 Ct.Cl. at 511, 504 F.2d at 138; *Shafer v. United States*, 1 Cl.Ct. 437, 439 (1983) ("experience of life and common sense" compel conclusion that memories fade over time). Defendant concedes that the monetary prejudice to the government may be minimal because of plaintiff's civilian employment. *See* Defendant's Response at 8 n. 5.

Plaintiff asserts in opposition that no cause of action accrued until he was dis-

charged on December 1, 1980, and therefore defendant is incorrect in alleging a fifteen-year delay in seeking relief. It was not until the discharge, plaintiff avers, that an entitlement to a money judgment arose as required to establish jurisdiction in this court. *See King v. United States*, 395 U.S. 1, 2–3, 89 S.Ct. 1501, 1501–02, 23 L.Ed.2d 52 (1969). Moreover, plaintiff asserts that time spent pursuing administrative remedies does not constitute "sleeping on one's rights." *See Kenney v. United States*, 209 Ct.Cl. 786, 786 (1976). For these reasons, plaintiff denies inexcusable or unreasonable delay. Plaintiff contends further, without case support, that the delay did not cause substantial prejudice because defendant has not shown that the memory loss of important witnesses happened *after* plaintiff's cause of action accrued on December 1, 1980. Accordingly, plaintiff concludes that the two elements of a laches defense—inexcusable delay and resulting prejudice—are not present in this case and the action cannot be dismissed on those grounds. We disagree.

■■■■ According to the undisputed facts of this case, plaintiff waited five years after receiving the adverse OER before attempting to correct what he now alleges were procedural violations made in evaluating his performance.[2] This delay contravenes the mandate that plaintiff must not delay "longer than necessary" in pursuing administrative remedies to avoid laches. *See Gentry v. United States*, 225 Ct.Cl. 654, 656 (1981); *Goeppner*, 3 Cl.Ct. at 348 (after initial refusal to correct record, plaintiff should not be credited for pursuing administrative remedies while adjudicative facts become stale); *Fleming v. United States*, 2 Cl.Ct. 111, 115 (1983). Delays also occurred between the three attempts to have the 1968 OER removed, and be-

---

**2.** Plaintiff in his complaint cites the governing regulation AR 623–105, ¶ 4–2(a)(4), dated January 4, 1968, which provided:

Evaluation by raters and indorsers must be based upon observation or information of the rated officer in a typical performance of duty and should cover his failures as well as his useful accomplishments. *Evaluations must not be based upon a few isolated striking incidents* (emphasis added).

Plaintiff alleges that the 1968 OER focused on one negative incident, and therefore his reviews for promotion, which took into account the OER, were not made on a fair and equitable basis as required by 10 U.S.C. § 3443(c). This is the reversible legal error upon which plaintiff bases his claim for reinstatement and backpay.

tween the time of discharge and the filing of this action. Plaintiff misstates the law when he contends that delays before the cause of action arose on discharge do not enter into the laches calculus; *Deering* and *Adkins* clearly indicate the contrary. *Adkins*, 228 Ct.Cl. at 911 (plaintiff may be charged with inexcusable delay after notified of claim, although claim not yet accrued); *Deering*, 223 Ct.Cl. at 351 n. 3, 620 F.2d at 246 n. 3 (inexcusable delay resulted from plaintiff's failure to pursue administrative remedies between issuance of OER and separation). Although we are loath to surmise why plaintiff waited five years before appealing the adverse OER, the obvious conclusion is that plaintiff thought that one adverse OER was of little consequence. A later realization that the OER might be of consequence does not excuse the delay so as to defeat laches. Therefore, we find inexcusable delay, and note that the greater the delay, the less need to search out and identify specific prejudice. *Deering*, 223 Ct.Cl. at 350, 620 F.2d at 246; *Brundage*, 205 Ct.Cl. at 509, 504 F.2d at 1386; *Devine v. United States*, 208 Ct.Cl. 998, 1001, 529 F.2d 532 (1975). The contested OER was issued in 1968; that fact alone would seem to indicate prejudice to defendant in maintaining its case. We find that prejudice lies in this situation as a consequence of the fading memories of Finkenaur and Raisig, and the inability to reconstruct accurately the events and factors bearing on the 1968 OER. For example, plaintiff claims ratings inflation; this is a fact nearly impossible to prove or disprove at this point in time. Moreover, plaintiff argues without a legal basis when he states that defendant must show that prejudice arose since 1980. Support for this allegation does not exist. Accordingly, the court concludes that plaintiff's claim is barred by the equitable doctrine of laches, as both inexcusable delay and resulting prejudice have been established.

*Judicial Review of the ABCMR Decision*

█ Although this action is barred by laches, the court would find, were we to consider the merits of the claim on review, that at most, the ABCMR committed harmless error in its refusal to expunge the 1968 OER from plaintiff's record. On this issue, defendant asserts that evidence in the administrative record establishes that the ABCMR's decision was proper and should not be disturbed. *See Sanders v. United States*, 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979) (board decision is binding unless arbitrary, capricious, in bad faith, unsupported by substantial evidence, or contrary to law). In support of this contention, defendant states that the ABCMR considered and rejected plaintiff's claim on three separate occasions. Further, defendant posits that "after-the-fact" letters from rating officers, such as plaintiff's letter from Finkenaur, do not raise a triable issue of fact as to whether an abuse of discretion has occurred. *See Savio v. United States*, 213 Ct.Cl. 737, 740, 553 F.2d 105 (1977) ("obvious reasons" exist for attaching greater weight to original evaluation); *see also Chronis v. United States*, 222 Ct.Cl. 672, 673, 650 F.2d 285 (1980) (retrospective statements of ratings officers insufficient to prove arbitrary action by correction board); *Reid v. United States*, 221 Ct.Cl. 864, 867, 618 F.2d 123 (1979) (same). Finally, defendant asserts that plaintiff has failed to show not only legal error or injustice in the rendering of the 1968 OER, but also has not proved the "adequate nexus or link" between the OER and the involuntary discharge following the nonselection for promotion. *See Hary v. United States*, 223 Ct.Cl. 10, 15, 618 F.2d 704, 706 (1980).

The thrust of plaintiff's response is that he was not rated on a fair and equitable basis as required by law [3] and therefore the Board's refusal to remove the OER is reversible legal error. Plaintiff offers Finkenaur's statement as conclusive proof that the OER was issued in violation of law and discusses at length the reasons for Finkenaur's recommendation that the OER, in retrospect, was erroneous and should be removed from plaintiff's record. *See Plain-*

---

**3.** *See supra* note 2 for a statement of the statute and regulation that plaintiff alleges were violat- ed in issuing the 1968 OER.

tiff's Brief at 14–20. Although plaintiff's arguments are persuasive, we are bound by the Board's decision to retain the 1968 OER, absent a showing that the decision was arbitrary, capricious, unsupported by substantial evidence or contrary to law. *See Maier v. Orr,* 754 F.2d 973, 983–84, *reh'g denied,* 758 F.2d 1578 (Fed.Cir.1985) (review of military administrative decisions necessarily and properly limited to adequacy of due process accorded petitioner); *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) (review limited to determining whether military administrative decisions are arbitrary, capricious, in bad faith, unsupported by substantial evidence or contrary to law); *Clayton v. United States,* 225 Ct.Cl. 593, 595 (1980) (same); *Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 813 (1979) (same). Persuasive on this issue is defendant's observation that three separate and independent Board evaluations concluded that plaintiff had submitted insufficient evidence to prove the OER was inaccurate and therefore the OER should remain in plaintiff's record. The final Board review, which considered Finkenaur's recommendation, denied plaintiff's application on the basis that no administrative error or substantive inaccuracy in the contested OER had been proved, and the Board held that Finkenaur's statement, prepared over twelve years after the contested OER and after plaintiff refreshed his memory, "simply does not have sufficient probative value to disturb" the OER. *See* Defendant's Appendix at 21. This final Board decision concluded that the OER "appears to represent a fair, objective and, therefore, valid appraisal of the applicant's demonstrated performance and potential during the rating period." *Id.* at 22. These findings by the Board provide substantial support for affirming the Board's decision, especially in light of the strong presumption that correction boards faithfully discharge their duties. *See Cooper v. United States,* 203 Ct.Cl. 300, 304 (1973).

We have perused the administrative record reproduced in the briefs, and applying the standard of review to the record before us, we cannot say that the ABCMR's decision is unsupported by sub-stantial evidence or contrary to law. We need not conclude that we would have reached the same result that the Board did; it is well settled that courts cannot substitute their judgment for that of a military board when reasonable minds could differ. *See Heisig,* 719 F.2d at 1156; *Sanders,* 219 Ct.Cl. at 302, 594 F.2d at 813–14; *Snell v. United States,* 168 Ct.Cl. 219, 227 (1964). Therefore, the ABCMR's decision to retain the adverse OER would undoubtedly withstand scrutiny under judicial review. In further support of this determination, we find that plaintiff has failed to show not only a material legal error in the Board's refusal to expunge the OER, but also has failed to establish the required nexus between the refusal and the nonselections for promotion that culminated in discharge. *See Hary,* 223 Ct.Cl. at 15, 618 F.2d at 706 (one seeking back pay as a result of release from duty must show material legal error that led to adverse personnel action and adequate nexus between error and adverse action). The final Board decision states, although in conclusory terms, that even hypothetically removing the OER would not provide a basis to promote or retroactively restore plaintiff to active duty. *See* Defendant's Appendix at 22. Apparently the Board perceived no nexus between the OER and plaintiff's nonselections for promotion, and thus the decision would not be overturned under the analysis set forth in *Hary.*

### CONCLUSION

For the reasons stated herein, the court finds plaintiff's claim barred by the doctrine of laches and also that the ABCMR's decision was according to law and supported by substantial evidence. Therefore, defendant's motion for summary judgment is granted, as no material facts are in dispute and defendant is entitled to judgment as a matter of law. Plaintiff's opposition to and cross-motion for summary judgment is denied. Case dismissed without costs.

IT IS SO ORDERED.