JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is
ORDERED AND ADJUDGED that the judgment of the District Court be affirmed for the reasons given in the attached memorandum opinion.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cüv Rule 41.

MEMORANDUM OPINION

In 2003 Charles Appleby, believing that prior to his retirement he had been unlawfully denied an opportunity for a promotion within the Florida Army National Guard, sought retroactive promotion from the Army Board for the Correction of Military Records. When the Board denied his application, Appleby challenged its decision in the district court pursuant to the Administrative Procedure Act. The district court granted summary judgment to the Army with respect to the three claims at issue in this appeal. The relevant facts, which are canvassed in the opinions of the Board and of the district court, are undisputed. Reviewing the matter de novo, see Kreis v. Sec’y of Air Force, 406 F.3d 684, 685 (D.C.Cir.2005), we affirm the judgment of the district court because the Board reasonably exercised its discretion not to grant Appleby’s application.
*198 The Secretary of the Army, acting through a board of correction, “may correct any military record of the Secretary’s department when the Secretary considers it necessary to correct an error or remove an injustice.” 10 U.S.C. § 1552(a)(1). Because the Secretary has the discretion not to correct a record if he does not “consider ] it necessary” to do so, id., we apply an “unusually deferential” version of the “ ‘arbitrary or capricious’ standard” of the APA to the Board’s denial of Appleby’s application. Kreis v. Sec’y of Air Force, 866 F.2d 1508, 1514 (D.C.Cir.1989). Even in the face of an “undisputed error” or “conceded injustice,” we must deny the petition for review if the Board offered an adequate explanation “that a court can measure.” Id.
Appleby first claims the Board should have granted his application because the Army violated 10 U.S.C. § 14311(c) when it failed to give him adequate notification that the Secretary of Defense had decided to ask the Senate to withhold consideration of his nomination pending resolution of an investigation into Appleby’s alleged reprisal against a whis-tleblower. His argument raises two issues. First, § 14311(c)(1) requires the Army to “give[] written notice of the grounds for the delay” of a promotion. Appleby, whose nomination was then pending before the Senate, received two telephone calls in October 2000 informing him of the whistleblower complaint and of the delay. The Board concluded Appleby had not shown “evidence of any harm that resulted from his telephonic notification vice written notification.” Appleby gives us no cause to disturb that reasonable judgment as to the medium of notification.
Second, Appleby challenges the adequacy of the message he received, citing § 14311(c)(2) of the statute, which provides, “An officer whose promotion is delayed ... shall be given an opportunity to make a written statement to the Secretary of the military department concerned in response to the action taken. The Secretary shall give consideration to any such statement.” Appleby argues the Army’s failure to notify him of his right to respond in writing to the Secretary of the Army robbed him of the opportunity to obtain and submit evidence with which to refute or mitigate the allegations against him. The Board found there was no “evidence of any harm” caused by “telephonic notification vice written notification”; in other words, having been informed of the delay, Appleby had an adequate opportunity to respond to it. See Dickson v. Sec’y of Def., 68 F.3d 1396, 1404 (D.C.Cir.1995) (court must defer to Board if its “path may reasonably be discerned” from its order (internal quotation marks omitted)).
Be that as it may, we note the Board’s assessment was consistent with the statute. Section 14311(c)(1) specifies the requisite notice must communicate “the grounds for the delay.” 10 U.S.C. § 14311(c)(1). Section 14311(c)(2) says nothing further about notice but instead requires the Secretary of the Army to “give[ ] [the officer] an opportunity” to respond to the delay and to consider the officer’s response.
On November 3, 2000 Appleby sent a memorandum to the Assistant Adjutant General of the Florida Army National Guard requesting a review of attached documents detailing the conduct that was the subject of the pending investigation. Ap-pleby, who may not then have known the source of the complaint, nonetheless had an opportunity to submit evidence regarding the subject matter of the investigation that triggered the delay. The Assistant Adjutant General responded on December 4, 2000 and included with his response a memorandum naming one of Appleby’s *199 subordinates as a possible complainant against him. In the light of this evidence, we cannot say the Board was unreasonable in concluding any error in notification was harmless.
After it decided the initial allegations could not be substantiated, the Army pursued a new investigation from January to June 2001, but that did not prejudice Ap-pleby’s cause because the Senate had on December 15, 2000 returned Appleby’s nomination to the President pursuant to Senate Rule XXXI(6) (“if the Senate shall adjourn or take a recess for more than thirty days, all nominations pending and not finally acted upon at the time of taking such adjournment or recess shall be returned by the Secretary to the President, and shall not again be considered unless they shall again be made to the Senate by the President”). Therefore, Appleby’s name was removed from the promotion list by operation of law. See 10 U.S.C. § 14310(b). Because Appleby’s nomination was not pending after December 2000, the 2001 investigation did not “delay” his promotion within the meaning of 10 U.S.C. § 14311. Consequently, we need not consider whether Appleby had adequate notice of the new allegations.
Appleby also argues the Secretary of Defense improperly delayed his promotion when the Secretary asked the Senate in October 2000 to withhold action pending completion of the original investigation. Section 14311(d) of the statute prohibits a delay of an “appointment of an officer to a higher grade ... for more than six months after the date on which the officer would otherwise have been promoted unless the Secretary concerned specifies a further period of delay,” id. § 14311(d). Because the Army could have delayed Appleby’s promotion for six months without secretai’ial authorization, Appleby cannot show the statute was violated by the two-and-a-half month delay that occurred before the Senate returned his nomination to the President without having acted upon it.
We believe, moreover, the Board reasonably declined to correct any error by the Army after concluding the delay was not “undue” or “unnecessary.” Although the statute indicates the Secretary of the Army, as the “Secretary concerned,” should have been the one to authorize the delay, see id.; id. § 101(a)(9)(A), he answers to the Secretary of Defense, and Appleby has given us no reason to think the Secretary of the Army would have taken a position different from that of his superior. Therefore, even if the Board was incorrect in concluding the delay was lawful in all respects, any error was harmless. See Air Canada v. DOT, 148 F.3d 1142, 1156-57 (D.C.Cir.1998).
Appleby also contends the statute prohibits the Secretary from delaying a promotion for an open-ended period, that is, one measured not by a calendar date but by a future condition or event. As to this issue, the Board correctly concluded “the evidence suggests that his nomination was properly withheld from the Senate in accordance with” Instruction 1320.4, Military Officer Actions Requiring Approval of the Secretary of Defense or the President, or Confirmation by the Senate (Dep’t of Def. Mar. 14, 1995), which implements Title 10 of the United States Code. The evidence before the Board, upon which it implicitly relied, included advisory opinions by the General Officer Management Office and by the National Guard, both of which determined the Secretary’s action was lawful. The key statutory text—“a further period of delay,” 10 U.S.C. § 14311(d)— does not foreclose the reasonable interpretation of the Secretary of Defense that the statute permits the Army to measure a “period” by a condition or event, and to *200 institute a delay without specifying a further period once the statutory limit of six months has been reached. Therefore, the Board did not err in determining the period of the delay was lawful.
Appleby’s final argument is that he was not lawfully retired pursuant to 10 U.S.C. § 14507(b) because his name was never removed from the promotion list under 10 U.S.C. § 14310. If, however, after the President nominates an officer whose name is on the promotion list to the Senate, the Senate returns that nomination to the President, then the officer’s name is removed from the promotion list by operation of law, which occurred here. Hence, the Board reasonably concluded the “clock simply ran out on” Appleby’s hope for a promotion when he was lawfully retired from the National Guard on July 31, 2001.
For the foregoing reasons, we affirm the judgment of the district court in favor of the Army.